Olga J. FOX, Plaintiff-Appellant,

v.

EATON CORPORATION, Successor to Eaton, Yale and Towne, Inc., Defendant-Appellee.

No. 81–3198.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 23, 1982.
Decided Sept. 27, 1982.

James J. McGrath, Cleveland, Ohio, for plaintiff-appellant.

Gilda F. Spears, Cleveland, Ohio, for defendant-appellee.

Before MARTIN, Circuit Judge, BROWN, Senior Circuit Judge, and NEESE,* District Judge.

PER CURIAM.

Olga J. Fox appeals the dismissal of her Title VII employment discrimination claim.

Mrs. Fox was employed by the Eaton Corporation from April 23, 1942 until July 21, 1972, when a plant closing eliminated her job. In the early 1960's, Mrs. Fox had two children. In accordance with company policy, she took maternity leaves during the last four months of each pregnancy. The leaves did not affect Mrs. Fox's job seniority; they did, however, result in the loss of "retirement credits" for the time she was off work. Eaton's failure to include maternity leaves in its computation of her eligibility for early retirement benefits is the basis for Mrs. Fox's sex discrimination claim.

Shortly after her 1972 discharge, Mrs. Fox sued Eaton in Ohio state court, alleging that Eaton's action breached the collective bargaining agreement then in force between the company and its employees. While that action was pending, Mrs. Fox secured permission to amend her complaint by adding a claim predicated on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* After a trial on the merits, the state court entered judgment in favor of Eaton. On appeal, however, the Ohio Supreme Court found that state courts lack jurisdiction over Title VII claims and directed dismissal of Mrs. Fox's action. *Fox v. Eaton Corp.,* 48 Ohio St.2d 236, 358 N.E.2d 536 (1967).

Mrs. Fox then filed the present suit in Federal District Court. The District Judge dismissed the complaint because Mrs. Fox had not complied with 42 U.S.C. § 2000e–5(f)(1), which directs Title VII plaintiffs to institute an action within ninety days of receiving a right-to-sue letter from the EEOC. This court reversed and remanded, concluding that Mrs. Fox's state court suit tolled the ninety-day limitations period. *Fox v. Eaton Corp.,* 615 F.2d 716 (6th Cir. 1980).

In the earlier proceedings, the record did not indicate whether Mrs. Fox had satisfied 42 U.S.C. § 2000e–5(e), which requires claimants to file discrimination charges with the EEOC within one hundred and eighty days of the occurrence of the alleged unlawful employment practice.[1] On re-

1. 42 U.S.C. § 2000e–5(e) provides, in pertinent part:

mand, the parties conducted discovery on this question. In response to Eaton's interrogatories, Mrs. Fox conceded that she had not filed an EEOC charge until November 8, 1973, some four hundred and seventy days after her last date of employment with Eaton.

Eaton moved to dismiss the complaint. The District Judge treated the motion as one for summary judgment under Rule 56, Federal Rules of Civil Procedure, and entered summary judgment in favor of Eaton. The District Court predicated this disposition on two grounds: first, that Mrs. Fox's filing of charges with the EOCC was untimely under any possible interpretation of the facts; and second, that Mrs. Fox's claim depended on a time-barred, pre-Act employment practice which does not qualify as a "present violation" of the Act. *See United Air Lines, Inc. v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). We agree and affirm.

Mrs. Fox correctly cites this court's decision in *Leake v. University of Cincinnati,* 605 F.2d 255 (6th Cir. 1979) for the proposition that "equitable principles" may, under appropriate circumstances, warrant the tolling of the 42 U.S.C. § 2000e–5(e) limitations period. She does not, however, allege any circumstances which render that proposition apposite to *her particular case.* As the District Judge aptly observed in his thorough and well-reasoned memorandum opinion of March 2, 1981:

Plaintiff does not contend, for example, that her delay in instituting EEOC proceedings was in any way attributable to misleading or deceptive conduct undertaken by either the instant defendant, *see Fox v. Eaton Corp., supra* at 718; *Leake v. University of Cincinnati, supra; Smith v. American President Lines, Ltd.,* 571

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the per-

F.2d 102, 109 (2d Cir. 1978), or the EEOC itself. *See Page v. U.S. Industries, Inc.,* 556 F.2d 346 (5th Cir. 1977), *cert. denied,* 434 U.S. 1045, 98 S.Ct. 890 [54 L.Ed.2d 796] (1978); *see also Chappell v. Emco Machine Works Co.,* 601 F.2d 1295 (5th Cir. 1979) (Wisdom, J., dissenting). Nor does the plaintiff allege, in her Amended Complaint or otherwise, that she was unaware of the basic facts supporting her current charge of discrimination at the time her employment with the defendant was terminated. *See and compare Hart v. J.T. Baker Chemical Corp.,* 598 F.2d 829 (3d Cir. 1979); *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924 (5th Cir. 1975).

Our review of the record in this case reveals nothing to explain, much less excuse, Mrs. Fox's lengthy delay in filing charges with the EEOC. Unlike the ninety-day limitations period of 42 U.S.C. § 2000e–5(f)(1), the one hundred eighty day period of 42 U.S.C. § 2000e–5(e) is unaffected by Mrs. Fox's attempt to proceed in state rather than federal court. The timely filing of charges with the EEOC is a prerequisite to the commencement of an action in *any* court; it is not excused by a plaintiff's mistaken choice of forum.

In enacting Title VII, Congress imposed specific limitations periods within which potential plaintiffs are required to proceed. "The limitations periods, while guaranteeing the protection of the civil rights laws to those who promptly assert their rights, also protect employers from the burden of defending claims arising from employment decisions that are long past." *Delaware State College v. Ricks,* 449 U.S. 250, at 257–258, 101 S.Ct. at 503–504, 66 L.Ed.2d 431 at 439 (1980); *Johnson v. Railway Ex-*

son aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred . . .

*press Agency, Inc.,* 421 U.S. 454, 463–64, 95 S.Ct. 1716, 1721–1722, 44 L.Ed.2d 295 (1975). It is incumbent upon us to enforce this Congressional policy.

The judgment below is affirmed.