817 F.2d 756
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marie CULLY, Plaintiff-Appellant,
v.
LUTHERAN MEDICAL CENTER, Defendant-Appellee.
 No. 86-3193.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1987.
 
 1
 Before KRUPANSKY and GUY, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 The plaintiff moves for a corrected transcript on appeal from the district court's judgment in favor of the defendant after a bench trial in this employment discrimination case. Pursuant to Rule 9(a), Rules of the Sixth Circuit, this appeal has been referred to a panel of the Court for consideration.
 
 
 3
 Upon motion by the plaintiff, this Court granted a transcript at government expense. The plaintiff's motion to correct the transcript falls into two parts. First, the plaintiff wishes to correct some typographical and other errors in the transcript. We will grant this part of the motion, construing all of the challenged parts of the transcript in favor of the plaintiff. Next, the plaintiff argues that she is entitled to a remand for a new trial because the district court promised to record all of the proceedings and then went off the record on numerous occasions. The plaintiff argues that this procedure violated her rights under 28 U.S.C. Sec. 753(b) and (c). Because the plaintiff has not shown that any of these off the record conversations prejudiced her case, we find any error to be harmless. Rule 61, Federal Rules of Civil Procedure.
 
 
 4
 The plaintiff was employed at the Lutheran Medical Center (Center) in Cleveland, Ohio. She filed a sex discrimination charge with the EEOC concerning her rate of pay. Subsequently, she was fired based on a series of incident reports concerning her performance. She then filed another claim with the EEOC alleging that the discharge was retaliatory discrimination.
 
 
 5
 When the claims came before the district court, it held that the sex discrimination claim was barred by the ninety day time limitation for filing a complaint after receiving the right to sue letter. 42 U.S.C. Sec. 2000e5(f)(7). The plaintiff argues that this time limitation is tolled because the defendant submitted fraudulent information to the EEOC concerning the amount of money paid to male employees at the Center. The plaintiff's argument is without merit because, to justify tolling, the defendant's affirmative misconduct must be such that it lulls the plaintiff into inaction during the time period. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984) (per curiam); Fox v. Eaton Corporation, 689 F.2d 91, 93 (6th Cir. 1982) (per curiam); Leake v. University of Cincinnati, 605 F.2d 255, 259 (6th Cir. 1979). Here the alleged fraudulent information provided by the defendant did not concern the time period for filing a complaint. So the district court was correct to dismiss the sex discrimination charge as time-barred.
 
 
 6
 Concerning the retaliatory discharge claim, we disagree with the district court's holding that the plaintiff failed to prove a prima facie case. McDonnell Douglas Corporation v. Green, 411 U.S. 792, 802 (1973). The burden of proving this prima facie case is easily met. Wrenn v. Gould, 808 F.2d 493, 500 (6th Cir. 1987). Here the proximity between the issuance of the first right to sue letter and the plaintiff's discharge, coupled with the disparity in disciplinary actions taken before and after the sex discrimination charge was filed, do give rise to an inference of unlawful discrimination. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).
 
 
 7
 Nevertheless, the plaintiff did fail to carry her ultimate burden of persuasion on the issue of discrimination. Wrenn, 808 F.2d at 501. The defendant did articulate a legitimate, nondiscriminatory reason for the firing by showing a pattern of uncooperative behavior by the plaintiff, culminating in an incident where the plaintiff pushed a nurse in the presence of a patient. The plaintiff did present some evidence that other employees were not disciplined in the same manner that she was. However, this evidence cannot overcome the testimony that neither the employees filing the incident reports against her nor the supervisor who recommended that she be fired knew about the existence of her sex discrimination claim. So the district court was correct to hold that the defendant's reason for discharging the plaintiff was not a pretext. McDonnell Douglas, 411 U.S. at 804. The district court properly granted judgment to the defendant.
 
 
 8
 The motion to correct the transcript is granted in part and denied in part. Because the facts and legal arguments are adequately presented in the briefs and the record, and the decisional process would not be significantly aided by oral argument in this case, we affirm the judgment of the district court under Rule 9(b), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation