907 F.2d 150
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Loly BRAY, Plaintiff-Appellant,
v.
PALM BEACH COMPANY; Amalgamated Clothing & Textile Workers
Union, Defendants-Appellees.
 No. 89-6171.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1990.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Lola Bray appeals the dismissal of her Title VII claim and the denial by the court below of her motion to amend the complaint. For the reasons that follow, we affirm.
 
 
 2
 Bray's claim arose from her failing to secure a promotion to the position of maintenance oiler at Palm Beach Company ("Palm Beach"). After being denied the promotion in March, 1979, Bray filed a grievance, which proceeded to arbitration in March, 1980.[1] Some eight months prior to the arbitration hearing, however, Bray filed a charge of discrimination with the EEOC. She claimed that she had been denied the promotion as a result of her having filed prior discrimination charges against Palm Beach.
 
 
 3
 The box on the EEOC charge form that Bray completed labeled "OTHER" was marked, and the word "Retaliation" was typed on the form. The box on the form labeled "SEX" was not marked. In the body of the form, Bray stated that two males had been chosen for the position that she had sought. She then gave several reasons why she believed that Palm Beach had denied her the promotion as a result of her "having filed a previous charge of discrimination against this company."[2]
 
 
 4
 The EEOC found reasonable cause to believe that Palm Beach had denied Bray the position at least in part because she had filed a previous charge under Title VII. After conciliation efforts had failed, Bray filed this lawsuit. Her complaint alleged, however, only that Palm Beach had discriminated against her based on her sex.
 
 
 5
 After the Amalgamated Clothing & Textile Workers Union ("Amalgamated") had been added as a party pursuant to Fed.R.Civ.P. 19, Palm Beach moved to dismiss, alleging that Bray's predicate EEOC charge had not included a claim of sex discrimination. Bray responded with a motion to amend the complaint to add a claim of retaliation as she had claimed in her charge filed with and investigated by the EEOC.
 
 
 6
 The district court treated Palm Beach's motion as one to dismiss for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), and granted the motion, finding that the complaint as filed was not based on a charge that had been filed with and investigated by the EEOC. Moreover, because Bray's tendered amended complaint charging retaliation had failed to name Amalgamated as a party, the court denied Bray's motion so to amend. It thereafter dismissed the case, and Bray appealed.
 
 
 7
 In Title VII actions, the cause of action stated in the complaint must fall within the scope of the EEOC investigation that is reasonably expected to grow out of the charge of discrimination that was filed with the EEOC. EEOC v. McCall Printing Corp., 633 F.2d 1232, 1235 (6th Cir.1980). This requirement is jurisdictional, i.e., when the complaint falls outside of the scope of the EEOC charge, a federal court lacks power to hear the case. This is so because the filing of an EEOC charge and an investigation by the EEOC are prerequisites to filing suit in federal court. Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460 (5th Cir.1970); Choate v. Caterpillar Tractor Co., 402 F.2d 357 (7th Cir.1968).
 
 
 8
 We agree with Bray that the facts alleged in the body of the EEOC charge, rather than merely the boxes that are marked on the charge, are the major determinants of the scope of the charge. Sanchez, 431 F.2d at 462. However, applying that rule leads us to a conclusion contrary to hers. Here, the district court found that the facts alleged in the EEOC charge form encompassed only a claim of retaliation. Moreover, it found that the EEOC's determination letter gave reasons only for its having found reasonable cause to believe that Palm Beach had retaliated against Bray. These determinations were not erroneous. We find no basis, therefore, for disturbing the district court's dismissal for lack of subject matter jurisdiction, as we find no error in the district court's interpretation of either the EEOC charge form or the EEOC's investigation results.
 
 
 9
 We note further that the only connection that the EEOC's investigation of Bray's retaliation claim reasonably could have had to a claim of sex discrimination was the requirement that the EEOC determine that Bray had in fact filed a prior sex discrimination charge. The only reference that the EEOC's determination letter made to any other claims of discrimination besides the then-present claim of retaliation was a statement that Bray had filed previous discrimination charges. One could not reasonably expect that such a minimal inquiry into a sex discrimination charge that was filed in 1974 would encompass an investigation of sex discrimination as a reason for Bray's being denied a job in March, 1979.
 
 
 10
 We further find no abuse of discretion in the district court's denial of Bray's belated motion to amend her complaint to add a claim of retaliation, see Duchon v. Cajon Co., 791 F.2d 43, 47-48 (6th Cir.1986); Ansam Associates, Inc. v. Cola Petroleum, Ltd., 760 F.2d 442 (2d Cir.1985), especially since the court pointed out that the tendered amended complaint failed to name Amalgamated as a party. Moreover, Bray made no attempt to cure this facial defect with a subsequent tendered amended complaint. Instead, she appealed her case to this court. We certainly cannot say that the district court abused its discretion by refusing to accept a belated, facially invalid tendered amendment.
 
 
 11
 For the foregoing reasons, we AFFIRM the decision of the district court.
 
 
 
 [1]
 The arbitrator phrased the issue before him as whether Lola Bray was entitled to a 30-day trial period in the job of maintenance oiler. He ruled that Palm Beach's determination that Bray could not withstand the physical aspects of the job was not made in good faith. He directed the company to give Bray a 30-day trial period, conditioned upon her taking and passing a physical examination. A subsequent examination conducted by Dr. Veryl F. Frye resulted in his recommendation that, due to the instability of her back, Bray not be placed in the job of maintenance oiler. The arbitrator accepted this recommendation and refused Bray's request to have additional doctors examine her and render medical opinions
 
 
 [2]
 Bray had filed a sex discrimination charge in November, 1974, in which she had alleged that Palm Beach's seniority system discriminated against women on the basis of their sex