**Yolanda Michelle HANANIYA, Plaintiff,**

v.

**CITY OF MEMPHIS, Defendant.**

**No. 02–2793–D BRE.**

United States District Court, W.D. Tennessee, Western Division.

Feb. 3, 2005.

Yolanda Michelle Hananiya, Memphis, TN, pro se.

Glenwood Paris Roane, Law Office of Glenwood P. Roane, Kathleen L. Caldwell, Law Office of Kathleen L. Caldwell, Yolanda Michelle Hananiya, Memphis, TN, for Plaintiff.

Louis P. Britt, III, Patrick Daniel Riederer, Ford & Harrison, LLP, Mary Helen Beard, Fedex Corporation, Memphis, TN, for Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

DONALD, District Judge.

Before the Court is Defendant City of Memphis' motion for partial summary judgment. Plaintiff Yolanda Michelle Hananiya ("Hananiya") asserts claims for sex discrimination and hostile work environment/sexual harassment, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. In support of the motion for partial summary judgment, Defendant argues that 1) Plaintiff failed to timely file her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"); 2) Plaintiff failed to timely file a lawsuit against Defendant upon receipt of her Notice of Right to Sue; and, 3) Plaintiff cannot establish a claim for hostile work environment/sexual harassment under the continuing violation doctrine because the incidents alleged in Plaintiff's first and second EEOC Charges are two separate claims of hostile work environment. For the following reasons, the Court grants in part and denies in part

Defendant's motion for partial summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff worked as a dispatcher for the Memphis Police Department ("MPD") from April 1, 1996 until December 19, 2001. Attachment to Compl. ¶¶ 9, 12. Plaintiff alleges that her supervisor, Carlton Williams, subjected her to a hostile work environment from December 1996 through July 1998. Williams allegedly made sexually explicit comments to Plaintiff about her body and those of other female employees; forced Plaintiff to have oral sex with him in the office; and subsequently harassed her with sexually suggestive telephone calls. *Id.* at ¶ 9. Plaintiff reported this conduct to a supervisor on August 9, 1998. That supervisor told her not to file an EEOC Charge of Discrimination until the MPD completed their internal investigation. *Id.* Plaintiff requested to be transferred after she reported the conduct, but the MPD denied her request. EEOC Charge 1. Over nine months later, in June 1999, the MPD completed its internal investigation. On August 18, 1999, Plaintiff filed an EEOC Charge of Discrimination. The EEOC issued Plaintiff a Dismissal and Notice of Right to Sue on April 7, 2000.

In June 1999, after Plaintiff notified the MPD of Williams' conduct, the MPD moved Williams from the Criminal Justice Center, 201 Poplar, where Plaintiff worked, to another location. Compl. ¶ 10; Mem. In Supp. of Pl.'s Opp. at 8. At some point on or before January 5, 2000, the MPD moved Williams back to the Criminal Justice Center where he was assigned to a different floor and a different shift from Plaintiff. Compl. ¶ 10; Mem. In Supp. of Pl.'s Opp. at 9. Plaintiff encountered Williams upon arriving at work on January 5, 2000, and everyday afterwards, which added to Plaintiff's "mental and emotional problems." Compl. ¶ 10; Attachment to Compl. ¶ 9. Plaintiff also contends that several minor incidents of harassment occurred after Williams returned to the Criminal Justice Center. Mem. In Supp. of Pl.'s Opp. at 9,10. Plaintiff asserts that in the summer of 2001, Williams stood behind her car as she attempted to leave her employer's parking garage and stared at her in an intimidating manner before moving. Mem. In Supp. of Pl.'s Opp. at 10, 11. Plaintiff made numerous requests to the MPD for transfer, which were denied. EEOC Charge 1. On December 19, 2001, Plaintiff's psychiatrist ordered her to stop working due to her inability to cope with her working environment. Attachment to Compl. ¶ 9. On March 15, 2002, Plaintiff filed a second EEOC Charge of Discrimination (# 250A200651), alleging continued sexual harassment and hostile work environment. The EEOC issued a Dismissal and Notice of Right to Sue on July 30, 2002, and Plaintiff initiated the instant action on October 21, 2002.

## II. LEGAL STANDARD

Summary judgment may be granted if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. Material facts are those facts which are defined by substantive law and are necessary in order to apply the law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the non-moving party. *Id.*

In evaluating a motion for summary judgment, the evidence, facts, and any inferences must be viewed in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89

L.Ed.2d 538 (1986); *Walborn v. Erie County Care Facility,* 150 F.3d 584, 588 (6th Cir.1998). Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering–Plough Healthcare Prods. Sales Corp.,* 176 F.3d 921, 927 (6th Cir.1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Thaddeus–X v. Blatter,* 175 F.3d 378, 400 (6th Cir.1999). Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Summary judgment is appropriate when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co.,* 475 U.S. at 587, 106 S.Ct. 1348.

## III. ANALYSIS

### A. Timely Filing of EEOC Charge

As an initial matter, Defendant argues that Plaintiff's claims premised upon her initial EEOC Charge are time-barred pursuant to 42 U.S.C. § 2000e–5(e) because Plaintiff failed to timely file the initial EEOC Charge within the 300–day limitations period. Plaintiff asserts that she timely filed her initial EEOC Charge as evidenced by the Charge itself.

The timely filing of a charge with the EEOC constitutes a procedural prerequisite to the enforcement of a Title VII action. *Nat'l RR Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 2070, 153 L.Ed.2d 106 (2002). In Tennessee, a plaintiff must file an EEOC charge within 300 days from the date of the last discriminatory action. *Id.* The untimely filing of

the charge results in the claim being barred. *Id.*

Plaintiff filed her initial Charge with the EEOC on August 18, 1999, alleging continuing sexual discrimination from September 15, 1998 through the date of filing. Defendant incorrectly asserts that the date of the last alleged discriminatory action occurred in August 1998. Based upon this assumption, Defendant argues that Plaintiff is barred from pursuing any claims for sex discrimination or hostile work environment/sexual harassment based on any allegations raised in her initial EEOC Charge because Plaintiff waited approximately one year after the last discriminatory act to file. The Charge of Discrimination filed by Plaintiff on August 18, 1999 (# 250991281) clearly states that the alleged discrimination was ongoing through the date of the filing. Additionally, Plaintiff states in her Charge that the MPD denied her latest request for transfer on August 13, 1999. Accordingly, the Court finds that Plaintiff timely filed her initial EEOC charge.

### B. Timely Filing of Lawsuit–Equitable Tolling

Defendant next argues that Plaintiff's claims premised upon her initial EEOC Charge are time-barred because Plaintiff failed to timely file a lawsuit upon receipt of the Notice of Right to Sue. Plaintiff received a Notice of Right to Sue as to the initial EEOC charge on April 7, 2000, but did not file a lawsuit against Defendant within 90 days. Plaintiff received another Notice of Right to Sue related to the subsequent EEOC charge on July 30, 2002, and filed her lawsuit against Defendant on October 21, 2002. Plaintiff based her complaint on allegations in both her initial EEOC Charge and her subsequent EEOC Charge. Defendant therefore maintains that because Plaintiff failed

to file a lawsuit within 90 days of the issuance of the initial Notice of Right to Sue, Plaintiff is barred from pursuing any claims for sex discrimination or hostile work environment/sexual harassment based on any discrete acts asserted in the initial EEOC Charge. Plaintiff, however, asserts that the Court should apply the doctrine of equitable tolling to any discrete acts that were untimely filed with EEOC.

### 1. Discrete Acts of Retaliation and/or Discrimination

In *Morgan*, the Court stated that "[a] discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'" *Morgan*, 536 U.S. at 120, 122 S.Ct. 2061. Discrete acts include such actions as termination, failure to promote, denial of transfer, or refusal to hire. *Id.* at 122, 122 S.Ct. 2061. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice," and therefore, each discrete discriminatory act starts a new clock for filing a charge alleging that act. *Id.* at 122–23, 122 S.Ct. 2061. The Court held therefore that a claimant must file a charge within either 180 or 300 days of the date of the discrete act or lose the ability to recover for it. *Id.* at 120, 122 S.Ct. 2061.

Moreover, the Court noted that discrete discriminatory acts are not actionable if they are time barred, even when they are related to acts alleged in timely filed charges. *Id.* at 123, 122 S.Ct. 2061. Title 42, section 2000e–5(e)(1) of the United States Code does not bar an employee, however, from using the prior untimely filed acts as background evidence in support of a timely claim. *Id.* Therefore, Plaintiff is prohibited from premising her claims for sex discrimination or hostile work environment/sexual harassment on any discrete acts occurring prior to January 5, 2000—the earliest date the alleged discrimination took place according to the

second EEOC Charge—absent the application of equitable tolling. The Court must, therefore, determine whether this case presents a situation where equitable tolling is appropriate.

■ The equitable doctrines of estoppel and tolling may be used sparingly by courts to allow an employee to proceed on an untimely filed claim of discrimination or retaliation. *Id.* (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)). Courts have held that equitable tolling is appropriate in cases of active deception such as where an employee has been " 'lulled into inaction by her past employer, state or federal agencies, or the courts.'" *EEOC v. Dillard Dep't Stores, Inc.*, 768 F.Supp. 1247, 1252 (W.D.Tenn.1991) (citing *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir.1984)). Likewise, it is appropriate in cases where an employee has been " 'actively misled'" or prevented in an extraordinary manner from asserting his or her rights. *Id.* (citation omitted); *see also Miller v. Marsh*, 766 F.2d 490 (11th Cir. 1985); *Fox v. Eaton Corp.*, 689 F.2d 91, 93 (6th Cir.1982).

In the instant action, Plaintiff received a Notice of Right to Sue in the initial EEOC Charge April 7, 2000 and yet she waited until receiving a Notice of Right to Sue in the second EEOC Charge to file a lawsuit against the Defendant. Plaintiff admits that she received a Notice of Right to Sue in the initial EEOC case on or about April 9, 2000, and understood she had 90 days in which to file a lawsuit. Pl's Dep. at 105, 106. Additionally, Plaintiff admits being represented by counsel during the investigation of the first EEOC Charge. *Id.* at 102. Although Plaintiff spoke with her counsel about pursuing a lawsuit, she declined to pay a retainer. *Id.* at 106. Counsel recommended other experienced employment counsel, with whom Plaintiff

spoke but chose not to retain. *Id.* at 107. Plaintiff took no additional steps to retain counsel or to file a lawsuit on a pro se basis. *Id.*

■ These facts do not indicate that Defendant lulled Plaintiff into inaction or actively misled or prevented Plaintiff from asserting her rights. As such, the Court finds that equitable tolling is not appropriate in this case. Plaintiff, therefore, cannot premise her claims for discrimination or hostile work environment on discrete acts occurring before January 5, 2000. Such acts, however, may be considered as background evidence in support of a timely claim. Having determined that Plaintiff cannot premise her claims for hostile work environment on discrete acts occurring before January 5, 2000, the Court now examines Plaintiff's claim for hostile work environment.

## 2. Timely Filing of Charge of Hostile Work Environment

Plaintiff argues that Defendant subjected her to a hostile work environment/sexual harassment. Plaintiff relies in part on acts occurring before January 5, 2000, to establish this claim. Before the Court can decide whether Plaintiff may rely on these acts to establish a prima facie case of hostile work environment/sexual harassment, the Court must determine whether Plaintiff met the jurisdictional requirement for bringing this claim.

In *Bray v. Palm Beach Co.*, 1990 WL 92672, *1, 1990 U.S.App. LEXIS 11020, *4 (6th Cir. June 29, 1990) (unpublished), the Court noted that "the cause of action stated in the complaint must fall within the scope of the EEOC investigation that is reasonably expected to grow out of the charge of discrimination that was filed with the EEOC." (citation omitted). The Court further stated that this requirement is jurisdictional, and therefore when the complaint is outside of the scope of the

EEOC charge, a court lacks subject matter jurisdiction over the claim. *Id.* at, 1990 WL 92672, *1, 1990 U.S.App. LEXIS 11020, *4. In determining the scope of the EEOC charge, the facts alleged in the body of the charge, and not the boxes marked on the charge, are the primary determinant. *Id.* at, 1990 WL 92672, *2, 1990 U.S.App. LEXIS 11020, *5.

Plaintiff alleged in her second EEOC Charge that Defendant discriminated against her based on sex and subjected her to a hostile work environment/sexual harassment. The Charge specifically states:

> I have been sexually harassed and subjected to a hostile work environment. I have constantly requested transfer from the area.
>
> .    .    .    .    .
>
> The company refuses to honor my transfer requests.
>
> .    .    .    .    .
>
> I believe that I have been discriminated against because of my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended. The harasser [sic] was moved for a couple of months but then returned to the work site.

The Court finds that the cause of action stated in the complaint falls within the scope of the EEOC investigation that was reasonably expected to grow out of the charge of discrimination from the second EEOC Charge because Plaintiff explicitly stated allegations of hostile work environment/sexual harassment and sex discrimination in the body of the charge. The Court now must determine whether Plaintiff timely filed a charge of hostile work environment with the EEOC.

■■ In *Morgan*, the Court stated that "Given, therefore, that the incidents constituting a hostile work environment are part of one unlawful employment practice, the

employer may be liable for all acts that are part of [the] single claim." *Morgan*, 536 U.S. at 125, 122 S.Ct. 2061. Accordingly, the employee is required only to file a charge within 180 or 300 days of any act that is part of the hostile work environment. *Id.*

In the instant action, on March 15, 2002, Plaintiff filed a charge alleging sex discrimination and hostile work environment/sexual harassment based upon her numerous requests for transfer and Defendant's refusal to honor those requests. Additionally, Plaintiff indicates that her requests for transfer were a result of Williams' return to the workplace. Plaintiff argues that Defendant's ongoing misconduct from September 15, 1998, until March 15, 2002, was part of one unlawful employment practice, resulting in a hostile work environment/sexual harassment claim and therefore, Defendant is liable for all acts that are part of the single claim.

Plaintiff asserts three actions which demonstrate the ongoing hostile work environment within the 300–day period from the time Plaintiff received a second Notice of Right to Sue. Plaintiff first notes an instance in the summer of 2001 when Williams stood behind Plaintiff's vehicle in the employee parking garage and stared at her in an intimidating manner, refusing to move for several minutes. Plaintiff also points to her continued requests for transfer as a result of the harassment by Williams which Defendant repeatedly denied. Finally, Plaintiff contends she was forced to have frequent contact with Williams while entering and exiting the workplace after Williams returned to the Criminal Justice Center, contributing to the increasing hostile work environment. The Court finds these assertions satisfy the requirement that the plaintiff file a timely charge of hostile work environment by showing acts which occurred within the 300–day period which were part of the hostile work environment. All of Defendant's allegedly harassing acts may be considered, therefore, when evaluating whether Plaintiff established a prima facie case of hostile work environment/sexual harassment. Based on the foregoing discussion, the Court denies Defendant's motion for summary judgment as to Plaintiff's claim for hostile work environment/sexual harassment.

## IV. CONCLUSION

For the reasons stated herein, Defendant's motion for partial summary judgment is granted with respect to Plaintiff's claims for sex discrimination and hostile work environment premised on discrete acts occurring before January 5, 2000. Defendant's motion for summary judgment is denied, however, as to Plaintiff's claim for hostile work environment/sexual harassment.

**IT IS SO ORDERED** this _____ day of _____ 2005.