**John H. DORSEY**

v.

**William F. BOLGER, Postmaster General, United States Postal Service.**

**Civ. A. No. 83–2310.**

United States District Court,
E.D. Pennsylvania.

March 19, 1984.

Squire Padgett of Baccus, James & Padgett, Washington, D.C., for plaintiff.

Joseph M. Masiuk, Asst. U.S. Atty., Philadelphia, Pa., Mason D. Harrell, Jr., argued, Washington, D.C., for defendant.

## OPINION

JOSEPH S. LORD, III, Senior District Judge.

Plaintiff brought suit in the district of the District of Columbia on December 22, 1982. The case was transferred here because venue was improper in the District of Columbia.

Plaintiff's complaint alleges that he was rejected for a position as a postal inspector because of his race in violation of 42 U.S.C. § 2000e *et seq.*

Defendant has moved for summary judgment, alleging that plaintiff's suit is time-barred. First, defendant contends that plaintiff did not comply with 29 C.F.R. § 1613.214(a)(1)(i), which requires that an alleged victim of discrimination report the allegedly discriminatory act to an Equal Employment Opportunity Counselor within thirty days of the discriminatory act. Furthermore, defendant contends that plaintiff's suit is time-barred because it was not filed in federal court within thirty days of the plaintiff's receipt of the Equal Employment Opportunity Commission's Office of Review and Appeals' denial of plaintiff's appeal.

The facts, as viewed in the light most favorable to the plaintiff, are as follows: Plaintiff was an employee of the Postal Service who applied for a position as Postal Inspector in 1978. According to the letter in response to plaintiff's application, the application was denied because plaintiff could not compete with the qualifications of the other applicants. Plaintiff returned to school for a M.A. degree and reapplied for the Postal Inspector's position in 1980.

On January 30, 1980, plaintiff received a letter from the Regional Chief Postal Inspector stating that plaintiff's overall qualifications were not competitive with other applicants being considered for the position. (Defendant's Exhibit 1).

Plaintiff did not contact an Equal Employment Opportunity Counselor until January 8, 1981. On February 9, 1981, the EEO Counselor conducted his final interview with the plaintiff. Plaintiff filed a formal complaint with the EEO Division of the Postal Service on February 15, 1981. On September 9, 1981, the EEO Division rejected the complaint as untimely because plaintiff had not contacted an EEO Counselor within thirty days of receipt of the letter of January 30, 1980. Plaintiff appealed this decision on September 24, 1981 to the EEOC's Office of Review and Appeals. On May 12, 1982, the Office of Review and Appeals sent to plaintiff its final decision which was dated March 30, 1982. That decision affirmed the agency's rejection of plaintiff's complaint. The decision also stated that the appellant was notified that the decision "is final and that the appellant has the right to file a civil action in the appropriate United States District Court within thirty (30) days of the date of receipt of this decision." It stated further:

> If you choose to file a civil action, and you do not have or are unable to obtain the services of a lawyer, you may request the court to appoint a lawyer to represent you. In such circumstances as the court may deem just, the court may appoint a lawyer for you and may authorize the commencement of the action without the payment of fees, costs or security. Any such request must be made within the above referenced thirty day time limit and in such form and manner as the court may require.

The denial of plaintiff's appeal also notified him that the Commissioners of the

EEOC had the discretion to reopen and reconsider the denial upon submission of evidence tending to establish that new and material evidence is available or that the previous decision involved an erroneous interpretation of law or that the previous decision was of precedential nature involving a new or unreviewed policy consideration that may affect cases beyond the particular case at hand. The notice stated that agency requests to reopen must be filed within thirty days of the date of receipt of the denial of the appeal. It did not set forth a time limit within which an appellant whose appeal has been denied can request a reopening or reconsideration of the denial. On June 10, 1982, the plaintiff filed a request to reopen and reconsider the final decision of the Office of Review and Appeals. (Defendant's Exhibit 7). Plaintiff's request to reconsider was denied on October 27, 1982. (Defendant's Exhibit 8). The last paragraph of the denial of the request to reopen stated:

> The appellant may have a right to file a civil action in the appropriate United States District Court within thirty calendar days from receipt of the decision on the request to reopen and reconsider.

Plaintiff received the denial of his request to reopen on November 26, 1982. (Addendum to Plaintiff's Response to Defendant's Motion for Summary Judgment). On December 22, 1982, plaintiff filed suit in federal court.

42 U.S.C. § 2000e–16(c) requires a prospective plaintiff to file his or her race discrimination suit within thirty days of receipt of notice of final action taken by a department or agency. Plaintiff here does not contend that he filed suit in federal court within thirty days of his receipt of the denial of his appeal. Rather, he argues that he is not time-barred because he filed his suit in federal court within thirty days of his receipt of the denial of his request to reopen. Because I find as a matter of law

that the "final action" taken by the agency is the agency's denial of plaintiff's appeal rather than the denial of his request to reconsider, I will grant defendant's motion for summary judgment.[1]

Plaintiff argues that the thirty day period begins to run with his receipt of the Office of Review and Appeals' refusal to reopen his complaint. This argument cannot stand. The purpose of the thirty day requirement is to avoid the adjudication of stale claims. There is no time limit within which an appellant whose appeal has been denied can request the agency to reopen and reconsider the denial. Therefore, a holding that the thirty day filing requirement commences with the appellant's receipt of the agency's refusal to reopen and reconsider would effectively grant an appellant unlimited time within which to revive stale claims simply by filing a request to reopen. *Birch v. Lehman,* 677 F.2d 1006 (4th Cir.1982).

In the alternative, plaintiff argues that even if the thirty day requirement commences with his receipt of the denial of his appeal, his claim should not be barred because he relied on the language quoted above in the agency's denial of the appeal which notified plaintiff of his right to request reconsideration. The denial of the appeal, however, very clearly informed plaintiff that he had a right to file suit in federal court within thirty days of his receipt of the denial. It further explained that he may have a right to appointed counsel and that a request for appointed counsel must be made within the thirty day time limit. Nowhere does it state or imply that the thirty day filing requirement would be waived if plaintiff chose to request reopening and reconsideration.

Plaintiff's last contention is that he relied on the language in the denial of his request to reopen. As noted above, the language stated that the appellant "may have a

---

1. Finding as I do, that plaintiff's suit is time-barred because he did not file his federal action within thirty days of receipt of the denial of plaintiff's appeal, I need not reach the question of whether plaintiff's failure to report the dis-

crimination to an Equal Opportunity Counselor within thirty days deprives me of jurisdiction. *See Sims v. Heckler,* 725 F.2d 1143 (7th Cir. 1984).

right" to file an action within thirty days. This language does not create a right to file an action. And, plaintiff could not have relied on this language when he decided not to file an action within thirty days of the denial of his appeal.

For the foregoing reasons, defendant's motion for summary judgment is granted.