738 F.2d 1107
 35 Fair Empl.Prac.Cas. 367,
34 Empl. Prac. Dec. P 34,516
Leroy A. MARTINEZ, Plaintiff-Appellant.
v.
Verne ORR, in his capacity as Secretary of the United States
Department of the Air Force, Defendant-Appellee.
 No. 83-1345.
 United States Court of Appeals,
Tenth Circuit.
 July 11, 1984.
 
 E. Justin Pennington, Albuquerque, N.M., for plaintiff-appellant.
 William L. Lutz, U.S. Atty., Ronald F. Ross, Asst. U.S. Atty., Albuquerque, N.M. (Perry L. Anderson, Lieutenant Colonel, USAF, Gen. Litigation Div., Office of the Judge Advocate General, Washington, D.C., of counsel), for defendant-appellee.
 Before SETH, Chief Judge, and BREITENSTEIN and SEYMOUR, Circuit Judges.
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 Leroy Martinez brought this civil rights action against Verne Orr in his then capacity as Secretary of the Air Force pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. (1976) (the Act). Martinez alleged employment discrimination on the basis of national origin and sought various injunctive and monetary relief. The court below ruled that Martinez' complaint was not timely filed under 42 U.S.C. Sec. 2000e-16(c) and dismissed the action. We reverse.
 
 
 3
 The facts pertinent to this appeal are undisputed. In April 1979, Martinez applied for one of two positions as an aircraft mechanic inspector at Kirtland Air Force Base in New Mexico. Two individuals other than Martinez were selected to fill the positions. After being notified of his nonselection, Martinez contacted the Equal Employment Opportunity Counselor at the Base. Attempts at informal conciliation were unsuccessful, and Martinez filed a formal complaint charging the Air Force with unlawful discrimination on the basis of national origin and lack of bona fide consideration attributable to preselection bias. In December 1979, the Air Force issued its Notice of Proposed Disposition of Discrimination Complaint, which concluded that no evidence existed to support Martinez' claims.
 
 
 4
 Martinez appealed to the EEOC, which held a hearing. The Complaints Examiner recommended findings that the Air Force discriminated against Martinez both because of national origin and through the absence of bona fide consideration. In its final decision, the Air Force rejected these findings, as authorized by 29 C.F.R. 1613.221(b)(2) (1983). On August 10, 1981, the EEOC entered its final decision, affirming the Air Force's conclusion of no discrimination.
 
 
 5
 On August 12, 1981, Martinez received a notice informing him of the EEOC decision and of his right to file a civil action. The notice stated that the EEOC's decision was "final," and indicated that Martinez had the right to file suit in federal district court "within thirty (30) days of the date of receipt of this decision." Rec., vol. I, at 14. The notice further informed him that he could request that the EEOC reopen his complaint for reconsideration on specified grounds.[1] On August 27, 1981 Martinez requested reconsideration. This request was denied on May 24, 1982, and on June 16, 1982 Martinez filed this action.
 
 
 6
 The district court dismissed Martinez' suit as untimely under 42 U.S.C. Sec. 2000e-16(c). That section provides that a federal employee aggrieved by the final disposition of his discrimination complaint may file a civil action in federal court "[w]ithin thirty days of receipt of notice of final action on [his] complaint." Id. The court determined that Martinez had received such notice when the EEOC notified him of its final decision in August 1981, some ten months before this suit was brought. The court further concluded that Martinez' request for reconsideration had no effect on the running of the limitations period. Accordingly, Martinez filed his suit nine months late.
 
 
 7
 On appeal, Martinez argues that (1) "final action" for purposes of the thirty-day limitations period of 42 U.S.C. Sec. 2000e-16(c) did not occur until the EEOC denied his request for reconsideration in May 1982; (2) assuming final action did occur in August 1981, his request for reconsideration tolled the limitations period as a matter of law; and (3) equitable considerations require tolling under the facts of this case.
 
 
 8
 Martinez' first two arguments plainly are without merit and have been rejected by a number of courts. See, e.g., Mahroom v. Defense Language Institute, 732 F.2d 1439, 1440 (9th Cir.1984); Birch v. Lehman, 677 F.2d 1006, 1007-08 (4th Cir.1982), cert. denied, 459 U.S. 1103, 103 S.Ct. 725, 74 L.Ed.2d 951 (1983); Hofer v. Campbell, 581 F.2d 975, 977-78 (D.C.Cir.1978), cert. denied, 440 U.S. 909, 99 S.Ct. 1218, 59 L.Ed.2d 457 (1979); Clark v. Goode, 499 F.2d 130, 133-34 (4th Cir.1974); Chickillo v. Commanding Officer, 406 F.Supp. 807, 809-10 (E.D.Pa.1976), aff'd, 547 F.2d 1159 (3d Cir.1977). The EEOC's decision of August 10, 1981 represented its "final action" on Martinez' complaint, and that decision was no less final for purposes of the limitations period of section 2000e-16(c) simply because the EEOC had the discretionary authority to reopen it for reconsideration under specified circumstances. See 29 C.F.R. Sec. 1613.235. Moreover, as the district court correctly observed, there is no indication in either the Act or the pertinent regulations that a request for reconsideration automatically tolls the running of the limitations period or, if made after the thirty-day period has already expired, somehow reinstates the plaintiff's right to file a claim.
 
 
 9
 Unlike the district court, however, we are persuaded that under the circumstances of this case, equitable considerations require that Martinez be allowed to proceed with his claim. In Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Id. at 393. We considered the Zipes holding in Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc., 702 F.2d 857, 859 (10th Cir.1983), and concluded that, consistent with the remedial purposes of Title VII, it was equally applicable to the ninety-day time period contained in 42 U.S.C. Sec. 2000e-5(f)(1) for the filing of a civil action following final disposition of a complaint by the EEOC. Accord Rice v. New England College, 676 F.2d 9, 10 (1st Cir.1982); cf. Baldwin County Welcome Center v. Brown, --- U.S. ----, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).
 
 
 10
 Although suits by federal employees are governed by the shorter, thirty-day limitations period contained in 42 U.S.C. Sec. 2000e-16(c), we perceive no substantial reason why this section should be treated any differently from section 2000e-5(f)(1) for purposes of equitable tolling. The decisions of other circuit courts on this issue are not uniform. Both the Eleventh and D.C. Circuits have applied the Zipes holding to actions brought by federal employees under Title VII. See Milam v. United States Postal Service, 674 F.2d 860, 862 (11th Cir.1982); Saltz v. Lehman, 672 F.2d 207, 208 (D.C.Cir.1982). However, the Seventh and Ninth Circuits have indicated that at least some of the time limitations applicable to section 2000e-16 actions are jurisdictional. See Sims v. Heckler, 725 F.2d 1143, 1145-46 (7th Cir.1984); Rice v. Hamilton Air Force Base Commissary, 720 F.2d 1082, 1083 (9th Cir.1983); see also Cooper v. Bell, 628 F.2d 1208, 1213 & n. 10 (9th Cir.1980).
 
 
 11
 We believe the decisions of the Eleventh and D.C. Circuits represent the better view. Section 2000e-16 was added to the Act in 1972 in order to correct the "entrenched discrimination in the Federal service" and to insure "the effective application of uniform, fair and strongly enforced policies." H.R.Rep. No. 238, 92d Cong., 2d Sess. reprinted in 1972 U.S.Code Cong. & Ad. News 2137, 2159. The legislative history of the amendment indicates that in extending the coverage of Title VII to federal employees, Congress intended to give them essentially the same rights and remedies as had been provided employees in the private sector.[2] See id. at 2157-60; Parks v. Dunlop, 517 F.2d 785, 787 (5th Cir.1975); Douglas v. Hampton, 512 F.2d 976, 981 (D.C.Cir.1975). In view of the principle that Title VII "is a remedial statute to be liberally construed in favor of victims of discrimination," Davis v. Valley Distributing Co., 522 F.2d 827, 832 (9th Cir.1975), cert. denied, 429 U.S. 1090, 97 S.Ct. 1099, 51 L.Ed.2d 535 (1977), we conclude that the thirty-day time limitation of section 2000e-16(c) is not jurisdictional and may be subject to equitable tolling in appropriate cases.[3]
 
 
 12
 This circuit's decisions have indicated that the time limits contained in Title VII will be tolled only where the circumstances of the case rise to a level of "active deception" sufficient to invoke the powers of equity. Cottrell v. Newspaper Agency Corp., 590 F.2d 836, 838-39 (10th Cir.1979). For instance, equitable tolling may be appropriate where a plaintiff has been "lulled into inaction by her past employer, state or federal agencies, or the courts." Carlile v. South Routt School District RE 3-J, 652 F.2d 981, 986 (10th Cir.1981); see Gonzalez-Aller Balseyro, 702 F.2d at 859. Likewise, if a plaintiff is "actively misled," or "has in some extraordinary way been prevented from asserting his or her rights," we will permit tolling of the limitations period. Wilkerson v. Siegfried Insurance Agency, Inc. 683 F.2d 344, 348 (10th Cir.1982); see also Cottrell, 590 F.2d at 838.
 
 
 13
 In the instant case, the district court properly recognized that compliance with the limitations period of section 2000e-16(c) was not a jurisdictional prerequisite to suit, but concluded that equitable tolling of the period was inappropriate because no evidence existed that Martinez had been "actively deceived, misled, or left without notice regarding the right to sue within thirty days." Rec., vol. I, at 46. We disagree. The notice Martinez received from the EEOC read in part as follows:
 
 
 14
 "NOTICE OF RIGHT TO FILE A CIVIL ACTION
 
 
 15
 Pursuant to 29 C.F.R. Sec. 1613.282, the appellant is hereby notified that this decision is final and that he has the right to file a civil action in the appropriate United States District Court within thirty (30) days of the date of receipt of this decision.
 
 APPOINTMENT OF COUNSEL
 
 16
 If you do not have an attorney, or are unable to obtain the services of one, upon your request, the District Court may, in its discretion, appoint counsel to represent you.
 
 NOTICE OF RIGHT TO REQUEST REOPENING
 
 17
 The appellant and the agency are hereby notified that the Commissioners may, in their discretion, reopen and reconsider any previous decision when the party requesting reopening submits written argument or evidence which tends to establish that;
 
 
 18
 1. New and material evidence is available that was not readily available when the previous decision was issued;
 
 
 19
 2. The previous decision involves an erroneous interpretation of law or regulations or misapplication of established policy; or
 
 
 20
 3. The previous decision is of precedential nature involving a new or unreviewed policy consideration that may have effects beyond the actual case at hand or is otherwise of such an exceptional nature as to merit the personal attention of the Commissioners."
 
 
 21
 Id. at 14-15.
 
 
 22
 Although this notice clearly informed Martinez of his right to file a civil action "within thirty (30) days of the date of receipt of this decision," id. at 14, it also discusses at some length his additional right to request reopening and reconsideration by the EEOC. Reference to this latter right belies the EEOC's statement that its decision is final, suggesting that the complainant may still attain further administrative action on the complaint. Moreover, the notice says only that suit may be filed within thirty days; it does not specify that this period represents the claimant's one and only opportunity to file suit.
 
 
 23
 The notice thus fails to make clear that the right to sue and the right to request reopening are distinct, independent rights, and that an election to pursue only the latter completely waives the former. To be sure, a trained lawyer or a particularly prudent and savvy layperson might recognize the inviolability of the thirty-day deadline and thus would be certain to preserve the right to sue by taking both actions simultaneously. However, the protections of Title VII were not intended only for the prudent, the savvy, or the legally trained. Absent an explicit indication that the right to sue permanently expires after thirty days notwithstanding the pendency of a reconsideration request, we do not think it unreasonable for a pro se recipient of the notice to request EEOC reconsideration on the assumption that if the request were denied, a new thirty-day period within which to file suit would arise thereafter.
 
 
 24
 The record reveals that this is precisely what occurred in the present case. On August 27, 1981, seventeen days after the EEOC decision affirming the Air Force's finding of no discrimination, Martinez requested reconsideration. After that request was denied on May 24, 1982, Martinez secured counsel for the first time and filed suit on June 16, 1982, again within thirty days of the EEOC decision.
 
 
 25
 This case does not involve an unreasonable or unnecessary delay. Nor does it constitute an attempt to revive a long stale claim or otherwise circumvent the statutory period at issue. Cf. Hofer, 581 F.2d at 976-78; Clark, 499 F.2d at 132-34; Chickillo, 406 F.Supp. at 808-10. Far from sleeping on his rights, Martinez acted with utmost diligence, pursuing his claim first through administrative channels and ultimately to this court. See Gonzalez-Aller Balseyro, 702 F.2d at 859. Martinez simply misinterpreted the notice he received from the EEOC. Apparently believing it provided two alternative procedural options, he reasonably elected to defer litigation until the EEOC had had an opportunity to reconsider its decision, unaware that he was thereby forfeiting all future recourse to the federal courts.
 
 
 26
 Under these circumstances, we conclude contrary to the district court that Martinez was in fact misled and lulled into inaction by the EEOC. We refuse to hold that in seeking to pursue all administrative avenues before resorting to litigation Martinez thereby waived his right to sue, when nothing on the face of the notice he received explicitly foretold such a result. Moreover, Orr has not shown that any significant prejudice would result should Martinez be allowed to proceed with his claim. Applying the principles of equitable tolling, we conclude that the thirty-day limitations period for filing a civil action did not commence until Martinez received notice of the EEOC's denial of his request for reopening and reconsideration. Accordingly, his action was timely filed.
 
 
 27
 In so holding, we are aware that a number of courts have refused to apply equitable tolling or otherwise grant relief to Title VII plaintiffs in virtually identical circumstances. See, e.g., Birch, 677 F.2d 1006; Dorsey v. Bolger, 581 F.Supp. 43 (E.D.Pa.1984); Brunda v. Secretary of the Navy, 31 Fair Empl.Prac.Cas. (BNA) 1072 (D.N.J.1982); Crane v. Hidalgo, No. 80-1090-N (E.D.Va.Aug. 4, 1981); see also Hanger v. United States Post Office, 34 Fair Empl.Prac.Cas. (BNA) 1399 (M.D.Fla.1984); Goddard v. Department of Health & Human Services, 32 Fair Empl.Prac.Cas. (BNA) 587 (D.D.C.1983); Curry v. Department of the Army, 30 Fair Empl.Prac.Cas. (BNA) 1357 (N.D.Ga.1983); Lang v. Schweiker, 26 Fair Empl.Prac.Cas. (BNA) 1413 (N.D.Ga.1981), aff'd, 692 F.2d 769 (11th Cir.1982). Rather than agreeing with these decisions, we find them significant as evidence of the misleading nature of the EEOC notice before us. As these cases demonstrate, Martinez is not the first litigant to have been caught in the procedural trap of unknowingly waiving his right to sue while attempting to pursue his claim administratively. We feel compelled to suggest that the EEOC take heed of the confusion this notice has engendered and modify it accordingly.
 
 
 28
 The judgment is reversed and remanded to the district court for further proceedings.
 
 
 
 [1]
 The notice also stated that Martinez could request that the district court appoint counsel to represent him
 
 
 [2]
 For example, the House Report emphasizes that equal employment opportunity is of "paramount significance" in the federal service. H.R.Rep. No. 238, 92d Cong., 2d Sess., reprinted in 1972 U.S.Code Cong. & Ad.News 2137, 2157. Noting that present laws "do not permit industry and labor organizations to be the judges of their own conduct in the area of employment discrimination," the Report concludes that "[t]here is no reason why government agencies should not be treated similarly." Id. at 2159-60
 
 
 [3]
 Brown v. General Services Administration, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), does not compel a different conclusion. That case, which was decided prior to Zipes, held only that section 2000e-16 "provides the exclusive judicial remedy for claims of discrimination in federal employment." Id. at 835, 96 S.Ct. at 1969. Although the Court affirmed the dismissal of the plaintiff's complaint because it was not filed within the thirty-day limitations period of section 2000e-16(c), the Court did not state that compliance with this subsection is a jurisdictional prerequisite to suit. Indeed, the Court did not address that issue. Accordingly, Orr's reliance on Brown is misplaced