Sally E. BOARMAN

v.

Louis W. SULLIVAN.

Civ. A. No. WN–89–923.

United States District Court,
D. Maryland.

May 9, 1991.

Joseph M. Sellers, Mary E. Wyckoff, Washington Lawyers' Committee for Civil Rights Under Law of Washington, D.C., Kathryn Kelly, Thomas P. Gies, R. Colin Keel, Crowell & Moring, Washington, D.C., for plaintiff.

Barry F. Smith, U.S. Dept. of Health and Human Services, Washington, D.C., and Ethan L. Bauman, Asst. U.S. Atty., D. Md., Baltimore, Md., for defendant.

## MEMORANDUM

NICKERSON, District Judge.

Currently pending before this Court is defendant's motion for summary judgment as to all three counts of plaintiff's Complaint. For the reasons set forth below, defendant's motion shall be granted.

## I. INTRODUCTION

Plaintiff claims that defendant violated Title VII of the Civil Rights Act of 1964 by (i) discriminatorily denying her promotions on the basis of sex; (ii) creating a hostile work environment; and (iii) retaliating against her for filing a complaint with the Equal Employment Opportunity Commission.[1]

Defendant contends that summary judgment is appropriate as to all of plaintiff's claims.

## II. SUMMARY JUDGMENT

Plaintiff contends that summary judgment is inappropriate in this Title VII action. This Court does not agree.

■ Summary judgment is appropriate where there is no genuine issue of material fact and where the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The Supreme Court has ruled in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) that summary judgment is not a "disfavored procedural shortcut" but is an important part of the Federal Rules. *Id.* at 327, 106 S.Ct. at 2554.

■ Plaintiff argues that the law in the Fourth Circuit disfavors summary judgment in Title VII actions. *Paroline v. Unisys Corp.*, 879 F.2d 100 (4th Cir.1989), *vacated in part on other grounds*, 900 F.2d 27 (4th Cir.1990). The *Paroline* court held that summary judgment is generally inappropriate where issues of intent are involved. *Id.* at 109. Although employment discrimination cases often rest on issues of motive which can only be properly tried to a jury, this does not mean that summary judgment is never appropriate in Title VII cases. In *Ross v. Communications Satellite Corp.*, 759 F.2d 355 (4th Cir.1985), the Fourth Circuit held that the "general principles of summary judgment" apply in Title VII cases except where the evidence presents a genuine issue of motive. *Id.* at 364.

Here, defendant has moved for summary judgment on plaintiff's denial of promotion, hostile work environment, and retaliation claims. These issues may all be decided without an inquiry into defendant's motivation.

Consequently, this Court is unpersuaded by plaintiff's assertions that summary judgment is inappropriate in this case.

---

1. Plaintiff first brought these claims before an administrative law judge; she then appealed from the administrative decision. The final determination of the EEOC was that plaintiff had been subjected to a hostile work environment but that the defendant had neither discriminato-rily failed to promote her nor retaliated against her for filing an EEO complaint. Plaintiff seeks *de novo* review of the retaliation claim and the denial of promotion claim, but asks this Court to adopt the EEOC's determination of the hostile work environment finding.

## III. DENIAL OF PROMOTION

### A. Time–Bar

■ Defendant contends that plaintiff's denial of promotion claim is time-barred. The Code of Federal Regulations requires federal employees to bring complaints of discrimination to an EEO counselor within 30 days of the occurrence complained of. 29 C.F.R. § 1613.214(a)(1) (1990). The Fourth Circuit in *Zografov v. V.A. Medical Center,* 779 F.2d 967 (4th Cir.1985), found that failure to comply with the 30 day requirement precluded a federal employee from maintaining a Title VII suit against the government agency for which he worked.

Plaintiff alleges that on five occasions between 1977 and 1979 she was denied promotions on the basis of sex. It is not in dispute that the last allegedly discriminatory denial of promotion occurred in May 1979 nor that plaintiff did not see a federal EEO counselor about the alleged discrimination until November 21, 1979. Defendant contends that plaintiff's claim must be dismissed as untimely because none of the failures to promote fell within the 30–day statutory period.

### 1. *Continuing Violation*

Plaintiff argues that her denial of promotion claim is not time-barred because defendant's actions toward her constitute a "continuing violation" and that therefore the administrative time bar upon which the government relies does not apply.

Plaintiff cites several cases to support her position. *See Bazemore v. Friday,* 478 U.S. 385, 106 S.Ct. 3000, 92 L.Ed.2d 315 (1986); *Jenkins v. Home Ins. Co.,* 635 F.2d 310 (4th Cir.1980); *Kim v. Coppin State College,* 662 F.2d 1055 (4th Cir.1981). While these cases do apply the theory of continuing violation, they are distinguishable from the present case. All of the cases cited by plaintiff construe the continuing violation theory in the wage context. This theory first arose in the wage context and is especially suited to situations where discrimination in remuneration is repeated every pay period.

The continuing violation theory is narrowly drawn. In *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977), the Supreme Court held that plaintiff's discrimination claim was time-barred because defendant's discriminatory acts did not constitute a "present violation." *Id.* at 558, 97 S.Ct. at 1889.

■ This Court has failed to find a continuing violation on facts similar to those of the present case. In *Soble v. University of Maryland,* 572 F.Supp. 1509 (D.Md.1983), the Court dismissed a Title VII claim where plaintiff had allegedly been denied several promotions. The Court found that there was "nothing to indicate any plan or practice of sex discrimination ... [and that] plaintiff's claim of discrimination in denial of promotion arose each time she was denied the promotion." *Id.* at 1516. *Accord, Berger v. Great Atlantic & Pacific Tea Company, Inc.,* WN 89–1105, 1990 WL 305643 (Memorandum Opinion) (November 19, 1990).

Plaintiff contends that the hostile work environment created by Ms. Boarman's supervisor constitutes a pattern of discrimination thereby satisfying the requirements of the continuing violation theory. Continued sexual harassment can constitute a violation of Title VII. *Bundy v. Jackson,* 641 F.2d 934 (D.C.Cir.1981). However, plaintiff does not cite any authority for the proposition that such sexual harassment transforms discrete denials of promotion into a continuing violation.

In *Waltman v. International Paper Co.,* 875 F.2d 468 (5th Cir.1989), the court found that plaintiff's denial of promotion claims were time-barred because she had failed to file a claim with the EEOC within the statutory period. Although the court found that the plaintiff had suffered enough recurring sexual harassment to make out a continuing violation as to work environment, it determined that the failure to promote claim was distinct from the harassment claim. *Id.* at 481.

This Court does not find that the incidents at issue in this suit comprise a continuing violation. Plaintiff's denial of promotion claim is distinct from her hostile work environment claim. Because she has

not produced any evidence of a pattern or practice of sex discrimination in the context of the promotion decisions, the failures to promote must be considered discrete acts all of which occurred outside of the administrative time table.[2]

█ Plaintiff also argues that the defendant is bound by the finding of the EEOC that defendant's actions constituted a continuing violation and that her claims were not time barred. Plaintiff cites *Moore v. Devine,* 780 F.2d 1559 (11th Cir.1986) to support her position that the EEOC's determination of timeliness controls. *Moore v. Devine* holds that a federal court which is enforcing an EEOC judgment may not redetermine agency findings which were favorable to the federal employee. However, the *Moore* court also held that when an employee asks a district court for a determination on the merits of the claim and proceeds to trial *de novo* on the claims already determined by the agency, that court is entitled to address those claims on the merits. *Id.* at 1564. In *Ross v. Communications Satellite,* the Fourth Circuit held in dicta that EEOC proceedings may be relevant to a summary judgment proceeding, but "are no substitute for an independent judgment on the part of the district court." 759 F.2d at 363. *See also, Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 470 n. 7, 102 S.Ct. 1883, 1891 n. 7, 72 L.Ed.2d 262 (1982).

Ms. Boarman brings this suit for *de novo* review of the nonpromotion and retaliation issues. Accordingly, she cannot object to defendant's raising the timeliness issue.

### 2. *Estoppel*

█ Ms. Boarman argues that defendant is estopped from claiming that her claim is time-barred. Plaintiff correctly states that the timely filing of a complaint with the EEOC is not a jurisdictional requirement and may be subject to equitable estoppel.

*Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Zografov v. V.A. Medical Center,* 779 F.2d at 969.

Plaintiff claims that the government misled her into not filing a timely complaint with the EEOC and now should be precluded from using timeliness as a defense. She relies on *Zografov v. V.A. Medical Center, supra,* in which the Fourth Circuit held that an employer would be estopped from asserting a timeliness defense where affirmative misconduct prevented the employee from filing a timely complaint with the EEOC.

In *Zografov,* plaintiff failed to bring his discrimination complaint to an EEO counselor within the prescribed 30–day period. Plaintiff argued that defendant could not argue time-bar as a defense because defendant had effectively misled him about the proper complaint procedures. In *Zografov,* plaintiff met with certain EEO Officers regarding his complaint but never met with the appropriate EEO Counselor. Plaintiff claims to have received the wrong information from defendant's employees regarding the necessary administrative procedures.

The Fourth Circuit found that the facts before it did not amount to affirmative misconduct, adding that such a finding is a minimum requirement for an application of estoppel. *Id.* at 969.

█ In the present case, plaintiff contends that defendant's sexual harassment amounted to affirmative misconduct under the estoppel analysis. This Court disagrees. *Zografov* clearly implies that the affirmative misconduct must relate to actions by the government which prevent an employee from timely filing a complaint. *Id.* Ms. Boarman does not assert that her employer's behavior hindered her from filing her complaint within thirty days of the latest adverse employment decision; she

---

**2.** Plaintiff argues that the mere existence of the failures to promote gives rise to a question of fact as to pattern or practice of sex discrimination. This is not the law. In *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977), the Supreme Court defined pattern or practice

in the context of Title VII as being present when a company repeatedly, routinely, or generally engaged in behavior which violated the Act. *Id.* at 336, n. 16, 97 S.Ct. at 1855 n. 16. Here, plaintiff has failed to introduce sufficient evidence to justify such a finding.

merely contends that her employer's harassment constituted affirmative misconduct. *Zografov* requires that the affirmative misconduct result in the failure to file. *Id.* Here, Ms. Boarman has failed to show that affirmative misconduct on the part of the government prevented her from timely filing her EEO charge; therefore, the doctrine of equitable estoppel does not apply in the present case.

■ Plaintiff also claims that the government may not assert a time-bar defense because her employer prevented her from filing her EEO complaint by lulling her into a false sense of security. Ms. Boarman relies on the decision of the Tenth Circuit in *Martinez v. Orr*, 738 F.2d 1107 (10th Cir.1984) to support her argument. *Martinez* holds that the government will be estopped from asserting time bar where its actions rise to the level of "active deception" regarding the filing requirements. *Id.* at 1110.

In the present case, plaintiff claims that she did not see an EEO counselor within the statutory period because she relied on her employer's previous promise of a promotion. While this reliance may have kept Ms. Boarman from bringing a complaint earlier, the conversations she relates do not amount to an actual attempt by the government to prevent her from filing her complaint within the statutory period. Since plaintiff can point to no active deception regarding her filing of the complaint, her estoppel argument fails here as well.

Plaintiff failed to bring her charges to the EEO Counselor within the prescribed period. She fails to convince this Court that the government should be precluded from asserting time-bar as a defense in this action. Accordingly, this Court finds that plaintiff's claim is untimely and must fail.

Since this Court finds that plaintiff's denial of promotion claim is time-barred, it does not reach the merits of this claim.

## IV. HOSTILE WORK ENVIRONMENT

■ Plaintiff claims that defendant violated Title VII by creating a hostile work environment. This issue was determined in plaintiff's favor by the EEOC; plaintiff asks this Court to adopt the EEOC's finding. As discussed, *supra*, plaintiff may not ask for *de novo* review of only selected issues determined by the EEOC below. Because plaintiff has asked for a *de novo* review of the denial of promotion and retaliation claims, this Court must give the hostile work environment claim *de novo* review as well.

In order to prevail on a hostile work environment claim under Title VII, the plaintiff must show:

a) that the conduct in question was unwelcome;

b) that the harassment was based on sex;

c) that the harassment was sufficiently pervasive or severe to create an abusive working environment; and

d) that some basis exists for imputing liability to the employer.

*Swentek v. USAIR, Inc.*, 830 F.2d 552, 557 (4th Cir.1987).

This Court finds that plaintiff has failed to set forth the third element of her *prima facie* case; the conduct of which plaintiff complains does not constitute an abusive work environment.

In *Paroline v. Unisys Corp.*, the Fourth Circuit set forth the standards by which the finder of fact is to determine the "severe and pervasive" element of the hostile work environment claim:

To determine whether the harassment was sufficiently severe or pervasive, the fact finder must examine the evidence both from an objective perspective and from the point of view of the victim.

\*   \*   \*   \*   \*   \*

To succeed on a hostile work environment claim, the plaintiff must first demonstrate that the harassment interfered with her ability to perform her work or significantly affected her psychological well-being. If the plaintiff satisfies that burden, the fact finder must then decide whether the harassment would interfere with the work performance or significantly affect the psychological well-being

of a reasonable person in the plaintiff's position.

*Paroline,* 879 F.2d at 105. (Citations omitted.)

In this case, the incidents of which Ms. Boarman complains do not make out the "abusive working environment" element of the harassment claim.

The *Paroline* court found that the question of whether several incidents of offensive touching, kissing and attempts by a male supervisor to enter plaintiff's apartment for sexual reasons constituted a hostile work environment was "quintessentially a question of fact." *Id.* However, this Court has dismissed other sexual harassment cases where the conduct was less offensive.

In *Raley v. Board of St. Mary's County Comm'rs,* 752 F.Supp. 1272 (D.Md.1990), this Court dismissed plaintiff's hostile work environment claim after finding that she had not made out the third prong of her *prima facie* case. In that case, plaintiff's supervisor had offensively touched plaintiff on two occasions, had made sexual remarks to plaintiff and had been seen by plaintiff kissing and touching other women in the office. In *Raley,* this Court found that the incidents in question were isolated and did not rise to the level of an abusive working environment.

In the present case, plaintiff alleges that on one occasion her supervisor remarked that a woman's film which she intended to show was stupid and kept people from their work. On another occasion plaintiff's supervisor asked her to close his office door and remove all of her clothing. These two incidents, which are less severe in nature than the behavior in *Raley* do not amount to an abusive working environment. Plaintiff may argue that her supervisor's remarks to other women in the office made her own experiences more troubling. This argument must fail in light of *Raley* because the plaintiff there also saw touching of other women yet she still failed to make out a *prima facie* case.

Plaintiff has failed to make out a *prima facie* case of a hostile work environment violation of Title VII.

## V. RETALIATION

■ Plaintiff contends that her employer retaliated against her because she filed a complaint with the EEOC. She claims that in July 1980 she was promoted to a GS–11 position rather than to a position from which she could be elevated to GS–12 status. This promotion, she contends, adversely affected her employment opportunities and was motivated by the desire of her supervisor to retaliate against her for having filed a complaint with the EEOC. Plaintiff also contends that in May 1981 her supervisor timed the posting of another available position in a way that precluded her from applying for it. This position only remained available for a number of weeks and was then withdrawn.

Defendant argues that plaintiff has not made out a *prima facie* case of retaliation. To state a claim for retaliation, plaintiff must show:

a) that she engaged in protected activity;

b) that her employer took adverse employment action against her; and

c) that a causal connection existed between the protected activity and the adverse action.

*Ross v. Communication Satellite Corp.,* 759 F.2d at 365.

Defendant argues that plaintiff has not shown that she was subject to an adverse employment action after she filed her EEO complaint.

The facts of plaintiff's employment history as outlined above are not in dispute. This Court finds that the promotion to the GS–11 spot which plaintiff received after filing her charge is not an adverse decision. In *Ekanem v. Health & Hosp. Corp.,* 724 F.2d 563 (7th Cir.1983), *cert. denied,* 469 U.S. 821, 105 S.Ct. 93, 83 L.Ed.2d 40 (1984), the Court found that a plaintiff who had been promoted and received raises after engaging in protected activity had not experienced an adverse employment decision. 724 F.2d at 569.

■ Plaintiff also points to the posting and subsequent withdrawal of a position at a GS–12 for which plaintiff, as a GS–11, was unable to apply. This Court finds that

the posting and withdrawal of the position does not amount to adverse employment decision.

The Fourth Circuit has found instances of actionable adverse treatment where employees who engaged in protected activity were treated far less favorably than was plaintiff. *Holsey v. Armour & Co.,* 743 F.2d 199 (4th Cir.1984) (plaintiff's protected behavior resulted in constructive discharge), *cert. denied,* 470 U.S. 1028, 105 S.Ct. 1395, 84 L.Ed.2d 784 (1985); *Curl v. Reavis,* 35 Fair Empl.Prac.Cas. 917, 1983 WL 509 (W.D.N.C.1983), *aff'd in part, rev'd in part,* 740 F.2d 1323 (4th Cir.1984) (employee denied a position after engaging in protected behavior); *Brady v. Thurston Motor Lines,* 726 F.2d 136 (4th Cir.), *cert. denied,* 469 U.S. 827, 105 S.Ct. 110, 83 L.Ed.2d 53 (1984) (employee given harder work and then discharged for failure to withdraw employment discrimination complaint).

These cases all involved actions which resulted in affirmative harm to the plaintiffs' employment positions. In this case plaintiff asks the Court to find an adverse employment decision where the promotion in question was not as favorable as the employee would have liked or where the action complained of leaves the employee at status quo. This Court is unwilling to so construe the definition of adverse employment decision.

Because the employment actions complained of do not amount to an adverse employment decision, plaintiff has therefore failed to make out a *prima facie* case. Defendant's motion for summary judgment shall be granted as to plaintiff's claim of retaliation.