**Michael A. GARCIA, Plaintiff,**

v.

**UNITED PARCEL SERVICE, INC., Defendant.**

**No. 97–D–906.**

United States District Court,
D. Colorado.

May 21, 1998.

Randal R. Kelly, Denver, CO, for Plaintiff.

John R. Webb, Holme, Roberts & Owen, L.L.P., Denver, CO, for Defendants.

**MEMORANDUM OPINION AND ORDER**

DANIEL, District Judge.

THIS MATTER is before the Court on Defendant United Parcel Service, Inc.'s Renewed Motion To Dismiss. On April 17, 1998, a hearing was conducted on the motion, and oral argument was presented by counsel. At that time I converted Defendant's Rule 12

---

motion to dismiss to a Rule 56 motion for summary judgment, since my consideration of exhibits to the briefs constituted review of matters outside of the pleadings. *See* Fed. R.Civ.P. 12(b). At the April 17, 1998 hearing I DENIED the motion to dismiss for the reasons discussed below.

This suit is a Title VII sexual harassment case brought by Michael A. Garcia against his present employer, United Parcel Service, Inc. ("UPS"). Garcia alleges same sex harassment by his former supervisor, Lyle Dutton. Dutton has now been transferred to another division of UPS, and is not Garcia's current supervisor. Garcia alleges that UPS fostered and then failed to remedy Dutton's harassing behavior. Before Dutton was transferred, Garcia took a medical leave without pay on the advice of his psychologist, who was treating him for depression and anxiety allegedly caused by the harassment. Garcia alleges that he is still undergoing psychological counseling as a result of the harassment he experienced. In addition to the Title VII claim, the Amended Complaint asserts claims for breach of express and implied employment contract, promissory estoppel relating to UPS's written guidelines concerning sexual harassment, and extreme and outrageous conduct for exposing Garcia to "a known sexual harasser."

The pivotal issue raised by Defendant's renewed motion to dismiss is Garcia's failure to file a timely sexual harassment complaint with the Equal Employment Opportunity Commission ("EEOC"). The statute governing complaint procedures requires that a formal charge be filed with the EEOC office within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e–5(e). The last instance of sexual harassment alleged by Garcia occurred on January 3, 1996. Therefore, the statutory 300–day period expired on October 30, 1996. Garcia filed an EEOC charge on January 15, 1997, which was 77 days after the deadline. Garcia acknowledges that he did not file a timely complaint with the EEOC. However, he argues that the

doctrine of equitable tolling should allow his claim to survive despite his failure to file a timely complaint with the EEOC, because he received incorrect information from an EEOC official when he attempted to file a formal charge.

On February 23, 1998, I denied UPS's previous motion to dismiss. The motion contended that this Court lacked jurisdiction since Garcia did not timely file an EEOC complaint. I denied the motion based on my holding that failure to file a timely charge with the EEOC does not defeat the district court's jurisdiction. Rather than being jurisdictional, the EEOC filing deadline is akin to a statute of limitations defense and therefore is subject to waiver, estoppel, and equitable tolling. *Zipes v. TWA, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir.1996). The application of equitable doctrines, such as equitable tolling, rests in the sound discretion of the district court. *See Edwards v. Int'l Union*, 46 F.3d 1047, 1055 (10th Cir.), *cert. denied*, 516 U.S. 811, 116 S.Ct. 60, 133 L.Ed.2d 23 (1995). However, because of arguments raised by UPS, I did not apply the doctrine of equitable tolling at that time. Instead, I ordered UPS to file a renewed motion to dismiss and ordered both parties to file supplemental briefing on the circumstances under which a plaintiff's representation by counsel precludes equitable tolling of the time to file a Title VII charge.[1]

Garcia argues that the 300–day filing deadline should be tolled because an EEOC official gave him incorrect information when he attempted to file a sexual harassment charge against Dutton and UPS. Garcia went to the EEOC office to file a sexual harassment charge on April 10, 1996. Garcia represents that rather than assisting him with filing a formal charge, an EEOC official instead asked him to complete an intake questionnaire. Garcia claims that he was told by the official that the EEOC would not investigate

---

**1.** I also requested further briefing on the circumstances under which statements by defense counsel to plaintiff's counsel waive the defendant's right to object to the timeliness of a Title VII charge, or estop the defendant from raising such

an objection. At the April 17, 1998 hearing I rejected Garcia's argument that the actions of UPS counsel constituted further grounds to apply the doctrine of equitable tolling.

his allegations unless another UPS employee made a similar sexual harassment claim. Garcia contends that he was not informed by the EEOC official that he needed to file a formal charge in order to meet the 300–day deadline, and that he assumed he had done all that was necessary to comply with EEOC requirements based on this conversation. Immediately after his EEOC visit, Garcia met with one of his former attorneys, and discussed what had been communicated to him by the EEOC official. Garcia was never told by his former attorneys that in addition to filling out the intake questionnaire, he needed to file a formal charge.

UPS argues that the EEOC filing deadline should not be equitably tolled because Garcia was represented by counsel at the time that he was allegedly given incorrect information by the EEOC. UPS admits that there is no per se rule against equitable tolling when the plaintiff was represented by counsel. However, UPS states that the Tenth Circuit has been particularly reluctant to toll EEOC time limitations when the plaintiff had legal representation. *E.g., Edwards v. Int'l Union*, 46 F.3d 1047, 1055 (10th Cir.) (refusing to toll limitations period where plaintiff was represented by counsel throughout the statutory period), *cert. denied*, 516 U.S. 811, 116 S.Ct. 60, 133 L.Ed.2d 23 (1995).

I find the fact that Garcia was not represented by counsel throughout the statutory 300–day period to be significant. Garcia's prior counsel withdrew from representing him on July 6, 1996. Therefore, Garcia was not represented by counsel during the last 113 days of the 300–day filing period, and was not represented by an attorney when the 300 days expired. I find that the cases cited by UPS where the court gave weight to the employee's representation by counsel are distinguishable, since in none of them was the employee only represented by counsel during part of the 300–day period.

Furthermore, there is substantial precedent allowing an EEOC filing deadline to be tolled when the employee has been misled by EEOC officials. *E.g., Gray v. Phillips Petroleum Co.*, 858 F.2d 610 (10th Cir.1988); *Martinez v. Orr*, 738 F.2d 1107 (10th Cir. 1984); *Jarrell v. United States Postal Serv.*, 753 F.2d 1088 (D.C.Cir.1985); *Page v. U.S. Indus., Inc.*, 556 F.2d 346 (5th Cir.1977), *cert. denied*, 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978). An employee should be entitled to rely on seemingly authoritative statements made by the federal agency presumed to have expertise in employment discrimination matters. *Page*, 556 F.2d at 351. The case at bar does not involve an unreasonable or unnecessary delay, nor does it constitute an attempt to revive a claim which has long been stale. *See Martinez*, 738 F.2d at 1112.

Therefore, I find that the inaccurate information promulgated by the EEOC merits application of the equitable tolling doctrine under the facts of this case. Accordingly, it is

ORDERED that Defendant United Parcel Service, Inc.'s Renewed Motion To Dismiss is DENIED.