FILED
United States Court of Appeals
Tenth Circuit

May 5, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL CASTALDO,

        Plaintiff-Appellant.

v.

DENVER PUBLIC SCHOOLS,

        Defendant-Appellee.

No. 07-1404
(D.C. No. 1:07-cv-00157-PSF-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

Michael Castaldo filed a pro se action against his former employer, Denver

Public Schools (DPS), contending that DPS terminated his employment in

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to

2000e-17 (Title VII), and the Americans with Disabilities Act, 42 U.S.C.

§§ 12101-12213 (ADA).  The district court referred the matter to a magistrate

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

judge, who recommended that the court grant DPS's motion to dismiss the case under Fed. R. Civ. P. 12(b)(6) because Mr. Castaldo failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and had not demonstrated the sort of exceptional circumstances that justify equitable tolling of the filing deadline. The district court accepted the recommendation over Mr. Castaldo's objections and dismissed the action with prejudice. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

We review a district court's decision not to apply equitable tolling for an abuse of discretion. *Harms v. I.R.S.*, 321 F.3d 1001, 1006 (10th Cir. 2003). Because the court rendered its decision in the context of a motion to dismiss under Rule 12(b)(6), we accept all of Mr. Castaldo's well-pleaded allegations as true and view them in the light most favorable to him. *See Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007). Furthermore, because Mr. Castaldo has proceeded pro se, we afford his pleadings and other papers a liberal construction. *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).

Read with these standards in mind, Mr. Castaldo's pleadings indicate that he sustained bilateral shoulder dislocations with accompanying trauma to cartilage, ligaments, and tendons in late October 2004 while working as a school-bus driver for DPS. He filed a worker's compensation claim in early November 2004 and was referred to a DPS doctor. The doctor initially ordered him not to drive a bus, but later pronounced him fit for work on November 17,

2004. Mr. Castaldo contended, however, that he remained unable to drive a school bus on that date. On November 23, DPS directed Mr. Castaldo to either report to work or produce by November 29, 2004, another doctor's note supporting his claimed inability to operate the bus. Mr. Castaldo was unable to provide a note by the deadline, and DPS terminated his employment. Mr. Castaldo eventually had shoulder surgery followed by a prolonged recovery.

In August 2006, Mr. Castaldo contacted an attorney and learned that he should have filed a charge of discrimination with the EEOC within 300 days of the allegedly unlawful employment practice. Mr. Castaldo filed his charge on September 21, 2006, claiming disability discrimination and retaliation based on the events of November 2004. The EEOC dismissed the charge as untimely, and he then filed this action. DPS moved to dismiss based on Mr. Castaldo's failure to file a timely EEOC charge. In response, Mr. Castaldo conceded that his charge was untimely but argued that he was entitled to equitable tolling of the charge-filing deadline because (1) DPS did not post notices regarding the filing of EEOC charges; (2) he was "too incapacitated" by his shoulder injuries to file an EEOC charge, R., Doc. 18 at 12; and (3) he was proceeding pro se.

In its dismissal order, the district court explained that prior to commencing a Title VII or ADA action in federal court in a "deferral state" like Colorado, a plaintiff first must exhaust administrative remedies by filing a charge of discrimination with the EEOC within 300 days of the allegedly unlawful

-3-

employment practice. *See* 42 U.S.C. § 2000e-5(e)(1) (Title VII); *see also id.* § 12117(a) (ADA, incorporating § 2000e-5(e)(1)); *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1206 & n.3 (10th Cir. 2007) (explaining filing times in deferral states, which are those states that have "an agency empowered to investigate employment discrimination"). Acknowledging that the administrative time limit is akin to a statute of limitations and therefore subject to waiver, estoppel, and equitable tolling, *Martinez v. Orr*, 738 F.2d 1107, 1109 (10th Cir. 1984), the court considered Mr. Castaldo's tolling arguments but concluded that they lacked merit. First, the court noted the absence of any allegation that DPS intended to actively deceive Mr. Castaldo regarding discrimination laws by allegedly failing to post notices about filing EEOC charges. Therefore, the court concluded, he could not benefit from tolling on this basis.[1] We see no error in this conclusion. *See Wilkerson v. Siegfried Ins. Agency, Inc.*, 683 F.2d 344, 347 (10th Cir. 1982) (holding that "the simple failure to post . . . notices, without intent to actively mislead the plaintiff respecting the cause of action, does not extend the time within which a claimant must file his or her discrimination charge").

Turning to Mr. Castaldo's contention that he was "too incapacitated" to file an EEOC charge, the district court observed that he had not alleged that he had

---

[1]     In an effort to address this failure, Mr. Castaldo has advanced on appeal the unsupported assertion that DPS intended to actively mislead him by failing to post EEOC notices. No unusual circumstances justify departing from our general rule that arguments not raised in the district court are forfeited. *United States v. Jarvis*, 499 F.3d 1196, 1201-02 (10th Cir. 2007).

been adjudicated incompetent or institutionalized, nor had he shown that he was incapable of pursuing his claim despite his incapacity, conditions that we suggested might permit equitable tolling. *See Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996). In support of its conclusion, the court referred to Mr. Castaldo's EEOC charge, which he attached to his complaint. In his charge, he stated that although he was unable to perform activities of daily living, he was able to contact an attorney in August 2006, and that upon learning of the filing requirement, he promptly filed his belated charge despite being incapacitated. *See* R., Doc. 3, first unnumbered attach. at 3.

We see no abuse of discretion in the district court's decision not to apply equitable tolling on this ground. The statements in Mr. Castaldo's EEOC charge reveal that it was not his alleged incapacity that prevented him from filing a timely charge but the fact that he was unaware of his obligation to do so until he consulted an attorney. And without a showing that DPS intended to actively mislead him, his ignorance of the filing requirement does not entitle him to equitable tolling. *See Gatewood v. R.R. Ret. Bd.*, 88 F.3d 886, 890 (10th Cir. 1996) (rejecting suggestion that ignorance of the law warrants equitable tolling); *Wilkerson*, 683 F.2d at 347.

Finally, the district court explained that Mr. Castaldo's pro se status did not justify equitable tolling. Specifically, the court remarked that he was capable of navigating the administrative filing procedure but had done so too late. The court

also pointed out that Mr. Castaldo had the ability to contact an attorney but elected not to do so until August 2006, well after the expiry of the 300-day filing period. We conclude that the court did not abuse its discretion in refusing to apply equitable tolling on this basis. *See Montoya v. Chao*, 296 F.3d 952, 958 (10th Cir. 2002) (holding that difficulties faced by all litigants are insufficient to justify equitable tolling); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (explaining that pro se litigants must comply with procedural rules that govern other litigants).

 The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge
