Joyce Ann **LAMBERT**

v.

**WASHINGTON SUBURBAN SANITARY COMMISSION,** et al.

No. CIV. A. DKC98–3646.

United States District Court, D. Maryland.

April 21, 2000.

Rhonda I. Framm, Law Office of Sperling & Framm, Baltimore, MD, for Plaintiff.

Robert H. Drummer, Laurel, MD, for Defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Pending before the court and ready for resolution in this employment discrimination case is the summary judgment motion of Defendant Washington Suburban Sanitary Commission. No hearing is deemed necessary, and the court now rules pursuant to Local Rule 105.6. For the reasons stated more fully below, Defendant's motion will be granted.

### I. Background

Plaintiff Joyce Ann Lambert is an employee of Defendant Washington Suburban Sanitary Commission ("WSSC"). WSSC is an agency of the state of Maryland, created to provide public water and sewer service to residents in Prince George's and Montgomery Counties. Plaintiff was hired by WSSC in May 1990 as an Instrumentation Electronics Technician, Grade 13. On November 25, 1990, WSSC reclassified her position to Instrumentation Communications Technician, Grade 14. Plaintiff has served in that same position since November 1990. Frank Grimes oversees the Instrumentation Communications Section. Plaintiff's unit within the section currently employs Kenneth Palumbo, Lead Technician; two Senior Technicians; one Radio

Shop Technician; and three other Technicians, including Plaintiff. Mr. Palumbo is Plaintiff's direct supervisor while Mr. Grimes is Mr. Palumbo's supervisor.[1]

Until May 1996, Plaintiff's evaluations all indicate that she was performing in a fully satisfactory manner overall although in her 1994 evaluation, she did receive a "needs improvement" rating in the category of dependability. In March 1997, Plaintiff received a written warning for accumulating seven unscheduled absences within one calendar year period. Plaintiff does not deny the absences. By May 1997, Plaintiff received a "needs improvement" overall evaluation.

Plaintiff took the examination for a FCC General Radio Telephone License three times during her employment at WSSC. On two occasions, she failed the examination until, in March 1997, she received the license. The record is in dispute as to the importance of the license in both conducting Plaintiff's position and receiving a promotion to Senior Technician.

Plaintiff applied for a vacant Senior Technician position in March 1992 and again in April 1998. According to WSSC policy, any employee desiring a promotion must submit a written application for a vacant position. Each employee must also have a fully satisfactory rating on the most recent annual performance evaluation. In both 1992 and 1998, Plaintiff did not receive the promotion. WSSC filled a third vacant Senior Technician position in September 1995. Plaintiff did not apply for the position, but alleges in her complaint that Mr. Palumbo told her she would not be eligible without an FCC license. The applicant eventually selected for the 1995 position did not have an FCC license.

## II. *Analysis*

On August 17, 1998, Plaintiff filed this suit in the Circuit Court for Montgomery County. WSSC subsequently removed the case to this court. Plaintiff's complaint states three claims: (1) failure to promote, failure to train and disparate treatment based upon gender and retaliation under Title VII; (2) breach of contract; and (3) violation of Montgomery County Code's ban on discrimination. WSSC has moved for summary judgment on all claims.

### A. *Standard of Review*

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to' any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The movant, then, bears two burdens. First, the movant must show that no genuine issues of material fact remain for the fact finder to determine at trial. Second, the movant must show that the law is in his favor.

Conversely, the non-movant must demonstrate that genuine issues of material fact exist. *See Anderson,* 477 U.S. at 248–49, 106 S.Ct. 2505. This burden "is particularly strong when the non-moving party bears the burden of proof." *Pachaly v. City of Lynchburg,* 897 F.2d 723, 725 (4th Cir.1990). A fact is material for summary judgment purposes if, when applied to the substantive law, it affects the outcome of the litigation. *See Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. A non-movant cannot create a genuine issue of material fact by resting upon her own mere allegations or denials contained in her pleadings, Fed.R.Civ.P. 56(e), nor can she create a dispute of fact by relying upon "mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir.1985). Instead, in order for a

1. Plaintiff originally named Mr. Grimes and Mr. Palumbo as defendants in this suit. The court dismissed the claims against the two individual defendants on September 22, 1999.

genuine issue of material fact to exist, there must be sufficient evidence upon which a jury could return a verdict in the non-movant's favor. *See Shealy v. Winston,* 929 F.2d 1009, 1012 (4th Cir.1991).

In employment discrimination cases, courts are often wary of summary judgment because the defendant's intent is often the crucial element in such cases. *Texas Dep't of Comm. Affairs v. Burdine,* 450 U.S. 248, 254 n. 8, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Ballinger v. North Carolina Agric. Extension Serv.,* 815 F.2d 1001, 1005 (4th Cir.1987) ("[S]ummary judgment is seldom appropriate in cases wherein particular states of mind are decisive as elements of [a] claim or defense."). Summary judgment is appropriate in such cases, however, where any factual dispute does not rise to the level of a "genuine issue of material fact." *See Boarman v. Sullivan,* 769 F.Supp. 904, 906 (D.Md. 1991). Summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of a showing sufficient to establish the existence of an essential element to that party's case, on which the party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### B. *Failure to Promote under Title VII*

█ In order to pursue any claim under Title VII, Plaintiff must allege a denial of promotion in the 300 days preceding her EEOC complaint. 42 U.S.C. § 2000e–5(e); *EEOC v. Commercial Office Prod. Co.,* 486 U.S. 107, 110, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988). Plaintiff filed her EEOC complaint on June 19, 1997, and therefore, in order for her claim of failure to promote to survive, she must allege a denial between August 1996 and June 1997. It is undisputed that there were no promotions to Senior Technician between September 1995 and April 1998. Plaintiff claims that she was continuously denied promotions during her employment at WSSC. It is true that the theory of continuing violation allows incidents outside of the statutory period to survive if they relate to a "timely incident as a 'series of separate but related acts' amounting to a continuing violation." *Beall v. Abbott Labs.,* 130 F.3d 614, 620 (4th Cir.1997) (quoting *Jenkins v. Home Ins. Co.,* 635 F.2d 310, 312 (4th Cir.1980) (per curiam)). However, "attempts at promotions are usually viewed as discrete employment acts." *Etefia v. East Baltimore Community Corp.,* 2 F.Supp.2d 751, 757 (D.Md.1998). Moreover, even if the case involves a continuing violation, the law still requires an actual violation within the limitations period. *Hill v. AT & T Technologies, Inc.,* 731 F.2d 175, 179–80 (4th Cir. 1984) (stating a "continuing violation" is not "a talismanic or shibboleth term automatically relieving a claimant of any obligation" to comply with limitations period). Because Plaintiff has failed to set forth any evidence of a failure to promote in the 300 days before her EEOC complaint, the court must grant summary judgment for WSSC on this claim.

### C. *Failure to Train*

█ Plaintiff alleges discrimination in access to training at WSSC. In order to assert a claim for denial of access to training, a plaintiff must also demonstrate a violation within the limitations period. *See Stewart v. CPC Int'l,* 679 F.2d 117 (7th Cir.1982) (granting a motion to dismiss where two of three alleged violations fell outside the limitations period and the third did not constitute a violation under Title VII). Plaintiff has not asserted that she was denied any training request during the relevant time period of August 1996 to June 1997. In fact, at her deposition, Plaintiff testified that she did not even know if her male coworkers received more or less training than she did. Defendant's Motion for Summary Judgment at Exhibit 2, 76. Based upon a failure to state any claim during the limitations period, the court will grant summary judgment for WSSC on the claim of failure to train.

D. *Disparate Treatment and Retaliation*

██ Plaintiff alleges that she suffered further disparate treatment based upon gender and retaliation for her complaints about gender discrimination. In order to state a claim of disparate treatment or retaliation, Plaintiff must show that the employer acted adversely against her. *Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994). The Fourth Circuit has limited qualifying "adverse actions" to "ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating." *Page v. Bolger*, 645 F.2d 227, 233 (4th Cir.1981). None of the remaining incidents cited by Plaintiff as retaliation or discriminatory treatment rise to the level of adverse employment action. Plaintiff alleges increased scrutiny, a requirement that she turn in time sheets by fax, a transfer for a week to another site without change in duties or pay, exaggerated negative evaluations and verbal reprimands. None of these actions are "ultimate employment decisions"; therefore, the court will grant summary judgment for WSSC on the remaining claims under Title VII.

E. *Breach of Contract*

██ Plaintiff also brings a state law claim for breach of contract, alleging that WSSC failed to follow the employee handbook provisions stating that it would not discriminate on the basis of sex. Maryland does recognize some implied contracts based on provisions of employee manuals. *Staggs v. Blue Cross of Maryland, Inc.*, 61 Md.App. 381, 486 A.2d 798, 803 (Md.1985). However, an express disclaimer will relieve the employer of any contractual obligations under the contract. *Fournier v. United States Fidelity & Guaranty Co.*, 82 Md.App. 31, 569 A.2d 1299, 1301 (Md. 1990); *see also Conkwright v. Westinghouse Elec. Corp.*, 933 F.2d 231, 239 (4th Cir.1991) (a disclaimer provision appended to an employee handbook after the plaintiff began work was effective under Maryland law). The employee handbook that Plaintiff relies upon states in its preface:

This handbook is not a legal document. It does direct you to the proper sources for further information. Much of the information in the handbook is taken from the WSSC Personnel Policy and Benefit Programs Manual. All supervisors should have a copy. Copies are available at most work locations for employee review.

Defendant's Motion for Summary Judgment at Exhibit 7. The policy manual referred to in the employee handbook states on its first page: "This handbook is not a contract and is not an implied contract." *Id.* at Exhibit 8. Based upon the expressed disclaimers in both the employee handbook and the policy manual, this court finds that the employee handbook is not a contract under Maryland law and therefore will grant summary judgment for WSSC on this claim.

F. *Violation of Montgomery County Code*

██ Plaintiff brings a final claim under Md. Ann.Code art. 49B, § 42 (1998), the county code provision banning employment discrimination. While, as a state agency, WSSC may even be immune from suit under this provision, the court need not reach that issue because Plaintiff failed to comply with the explicit administrative requirements of the statute. Subsection (b)(2) provides that an action "may not be commenced sooner than 45 days after the aggrieved person files a complaint with the county agency responsible for handling violations of county discrimination laws." Plaintiff agrees that she did not file a complaint with the Montgomery County Human Relations Commission. Exhibit 6. In her opposition to WSSC's motion for summary judgment, Plaintiff argues that the county provision gives her an option of filing a complaint with the Commission, but does not require it. According to Plaintiff, subsection (b)(2) requires only that, if a charge is filed with the Commis-

sion, then the plaintiff cannot bring an action for at least 45 days. Opposition at 23. This is an absurd interpretation of the code and contrary to the explicit language of the subsection. Therefore, the court will grant summary judgment for WSSC on this claim for failure to fulfill the administrative requirements.

### III. *Conclusion*

For the foregoing reasons, the court will grant Defendant WSSC's motion for summary judgment on all claims. A separate order will be entered.

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is this 21st day of April, 2000, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendant's motion for summary judgment BE, and the same hereby IS, GRANTED;

2. Plaintiff's motion for leave to take deposition, receive response, and extend time BE, and the same hereby IS, DENIED;

3. Judgment BE, and the same hereby IS, ENTERED in favor of Defendant Washington Suburban Sanitary Commission and against Plaintiff on all claims; and

4. The Clerk will transmit a copy of the Memorandum Opinion and this Order to counsel for the parties and CLOSE this case.