**Frederick Noel BUSHEK, Plaintiff,**

v.

**WASHINGTON SUBURBAN SANITARY COMMISSION, Defendant.**

**No. CIV. JFM–00–2515.**

United States District Court, D. Maryland.

July 31, 2001.

---

Omar V. Melehy, Melehy and Melehy LLC, Silver Spring, MD, for Plaintiff.

Vicki E. Webb, Washington Suburban Sanitary Commission, Laurel, MD, for Defendant.

*MEMORANDUM*

MOTZ, District Judge.

### I.

The State of Maryland ("the State") created the Washington Suburban Sanitary Commission ("WSSC") to provide water and sewer services primarily to residents of Prince George's and Montgomery Counties. Since 1997, plaintiff Frederick Noel Bushek has been employed by WSSC to inspect water and sewer connections. In this action Bushek alleges that WSSC has violated the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Family and Medical Leave Act, in its treatment of him.

WSSC has moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6) on the basis of state sovereign immunity. Upon the joint request of the parties, the motion to dismiss was stayed pending the outcome of *Univ. of Alabama v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). On February 21, 2001, the Supreme Court decided *Garrett,* holding that the ADA did not abrogate a state's sovereign immunity under the Eleventh Amendment. *Id.* at 967–68. Thus, the question now presented is whether WSSC is a state agency, which is entitled to Eleventh Amendment immunity, or a local municipality, which is not entitled to such immunity.[1] *See, e.g., Cash v. Granville County Bd. of Educ.,* 242 F.3d 219, 223 (4th Cir.2001). This question is one of federal law. *See Cash,* 242 F.3d at 222; *Gray v. Laws,* 51 F.3d 426, 435 (4th Cir.1995).

1. Because I find WSSC is not a state agency entitled to sovereign immunity, I need not consider plaintiff's argument that WSSC

### II.

In determining whether an entity is a state agency for purposes of Eleventh Amendment immunity, the most important factor is whether a judgment against the entity would be paid from the state's treasury. *See Cash,* 242 F.3d at 223; *Bockes v. Fields,* 999 F.2d 788, 790–91 (4th Cir. 1993) (governmental entity is entitled to Eleventh Amendment immunity because State would cover a substantial portion of any judgment against the entity). Both parties agree that a judgment against WSSC would be paid by WSSC and would not affect the State's treasury. That, however, is not the end of the question. Even if the State's treasury would not be affected by a judgment against WSSC, WSSC is entitled to Eleventh Amendment immunity if a judgment against it "would adversely affect the dignity of the State as a sovereign and as one of the United States." *Cash,* 242 F.3d at 224. In determining whether a governmental entity is so closely related to a State that a suit against the entity would "offend the sovereign dignity" of the State, the Fourth Circuit considers three factors: (1) the degree of control the state exercises over the entity; (2) whether the entity's scope is statewide or local; and (3) the manner in which state law treats the entity. *See id.*

### A.

WSSC is largely autonomous from the State. *Cf. Ram Ditta v. Maryland Nat'l Capital Park & Planning Comm'n,* 822 F.2d 456, 458–59 (4th Cir.1987) (discussing how Maryland National Capital Park and Planning Commission, which is similar in structure to WSSC, is not entitled to Eleventh Amendment immunity in

waived sovereign immunity under the Rehabilitation Act.

part because it is not controlled by the State). The county council and county executives from Prince George's and Montgomery Counties appoint WSSC's six member commission. *See* Md. Ann.Code art. 29, § 1–102(b). WSSC is a corporate body and can sue and be sued in its own capacity. *See* Md. Ann.Code art. 29, § 1–201. WSSC is not represented by the Attorney General of Maryland in litigation matters. WSSC has full authority to transfer real property without State approval. *See* Md. Ann.Code art. 29, §§ 1–202, 1–203. WSSC creates its own operating and capital budgets, which are approved by the county executives and county councils for Prince George's and Montgomery Counties. *See* Md. Ann. Code. art. 29, § 1–204.

WSSC notes that its control over its budget is limited in that increases in employee compensation may not exceed the increases authorized for State employees. *See* Md. Ann.Code art. 29, § 1–204(g). In addition, Maryland's Secretary of Budget and Management oversees certain WSSC personnel matters. *See, e.g.,* Md. Ann. Code art. 29, § 11–103. These minor restrictions on WSSC's autonomy are, however, not significant in comparison to WSSC's abilities to govern itself, set its own budget, and litigate separately from State control.

### B.

■ WSSC's scope is not statewide. In *Cash,* the Fourth Circuit held that a county school board's scope included only local concerns. 242 F.3d at 226. *Cash* noted that the school board's interest in education itself might be considered statewide, but the school board was nevertheless local in scope because its jurisdiction only included one county. *Id.* The Maryland Na-

tional Capital Park and Planning Commission ("MNCPPC") oversees a system of parks and development in Montgomery and Prince George's Counties. *See Ram Ditta,* 822 F.2d at 459. *Ram Ditta* held that MNCPPC was primarily involved with local concerns because its jurisdiction was limited to two counties and the benefit of its operations inured to the residents of those counties. *Id.*

WSSC was created to provide public water and sewer service to the residents of Montgomery and Prince George's Counties within Maryland. In addition, WSSC provides or is authorized to provide services in Anne Arundel, Howard, and Charles Counties. WSSC is not authorized to provide service to Baltimore City or the other eighteen counties in Maryland. As in *Cash* and *Ram Ditta,* WSSC is involved primarily with local concerns because its jurisdiction is limited to five counties and the benefit of its operations inure to the residents of those counties.

### C.

■ The final factor considered in determining whether an entity is a state agency is how state law describes the entity. Although, as stated above, whether an entity is entitled to receive Eleventh Amendment immunity is a question of federal law, *see Harter v. Vernon,* 101 F.3d 334, 342 (4th Cir.1996); *Gray,* 51 F.3d at 435, 437–38, in considering this factor federal courts should give appropriate deference to state court decisions concerning the entity's status. *See Ram Ditta,* 822 F.2d at 459–60; *Harter,* 101 F.3d at 342–43.

In *Katz v. Washington Suburban Sanitary Commission,* 284 Md. 503, 397 A.2d 1027 (1979), the Maryland Court of Ap-

peals held that for the purpose of determining whether WSSC is entitled to sovereign immunity under Maryland law, WSSC is deemed to be a state agency.[2] In reaching this conclusion the Court of Appeals relied primarily upon the facts that WSSC (1) was created by the Maryland General Assembly, not the legislative bodies of the counties in which it operates, and (2) has regional functions and responsibilities. While these factors may be compelling in resolving the state law sovereign immunity question, they are not themselves sufficient to confer upon the agency enough attributes of the State to entitle it to Eleventh Amendment immunity. Any doubt on that score is resolved by the Fourth Circuit's decision in *Ram Ditta*, where the court held that despite the decision of the Maryland Court of Appeals in *O & B v. Maryland–National Capital Park and Planning Commission*, 279 Md. 459, 369 A.2d 553 (1977)—which relied heavily upon the earlier decision in *Katz*—the Maryland National Capital Park and Planning Commission was not a state agency for Eleventh Amendment purposes. The Maryland National Capital Park and Planning Commission is a sister agency to WSSC and, like WSSC, is a creation of state (not municipal) law and has regional responsibilities.

For these reasons I find that the Eleventh Amendment does not prohibit this court from exercising jurisdiction over WSSC. Accordingly, WSSC's motion to dismiss will be denied. A separate order to that effect is being entered herewith.

---

2.  WSSC has cited numerous cases which, following *Katz*, have likewise held that WSSC is a state agency. *See, e.g., Utilities, Inc. v. Washington Suburban Sanitary Comm'n*, 362 Md. 37, 763 A.2d 129, 132 (2000); *Quesenberry v. Washington Suburban Sanitary Comn'n*, 311 Md. 417, 424, 535 A.2d 481 (1988); *Washington Suburban Sanitary Comm'n v. C.I. Mitchell & Best Co.*, 303 Md. 544, 495 A.2d 30, 32 (1985); *Washington Suburban Sanitary Comm'n v. Pride Homes, Inc.*, 291 Md. 537, 539, 435 A.2d 796 (1981); *see also Lambert v. Washington Suburban Sanitary Comm'n*, 93 F.Supp.2d 639, 640 (D.Md.2000); *Concrete General, Inc. v. Washington Suburban Sanitary Comm'n*, 779 F.Supp. 370, 371 (D.Md. 1991); *Newman & Sons, Inc. v. Washington Suburban Sanitary Comm'n*, 696 F.Supp. 160, 162 (D.Md.1988). None of these cases, however, elaborate upon the *Katz* analysis.